BROWN RUDNICK LLP
RONALD RUS (California Bar No. 67369; admitted *pro hac vice*)
rrus@brownrudnick.com
LEO J. PRESIADO (California Bar No. 166721; admitted *pro hac vice*)
lpresiado@brownrudnick.com
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Telephone:     (949) 752-7100
Facsimile:     (949) 252-1514

MASCHOFF BRENNAN GILMORE & ISRAELSEN
STERLING A. BRENNAN (Utah Bar No. 10060; California Bar No. 126019)
sbrennan@mabr.com
L. REX SEARS (Utah Bar No. 8548; California Bar No. 294533)
lsears@mabr.com
111 South Main Street
Suite 600
Salt Lake City, Utah 84111
Telephone:     (801) 297-1851

Attorneys for Defendants Enough for Everyone, Inc. and Desiree Tanner

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| CRICUT, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>v.<br><br>ENOUGH FOR EVERYONE, INC.,<br>a Nevada corporation, and DESIREE<br>TANNER, an individual,<br><br>       Defendants. | **Case No. 2:21-cv-00601-DBB**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO TRANSFER VENUE**<br><br><br>District Judge: Hon. David B. Barlow |

Defendants Enough for Everyone, Inc. ("EFE") and Desiree Tanner ("Ms. Tanner") (collectively, "Defendants"), by and through their undersigned counsel, submit this Opposition to Plaintiff's Motion for Extension of Time to Respond to Defendants' Motion to Transfer Venue (the "Motion").

## FACTUAL SUMMARY

The following brief factual summary pertains to the issues presented by the Motion.

- Plaintiff previously engaged in self-help by refusing to pay EFE royalties due under the parties' 2007 agreement.  That refusal required EFE to file suit in the United States District Court for the Central District of California, Judge David O. Carter, presiding (the "California District Court").  The original suit resulted in a final judgment in EFE's favor with, among other things, the California District Court finding that Plaintiff had engaged in bad faith in refusing to pay royalties to EFE. Plaintiff did not object to venue of that suit, over the same agreement presented in this suit, being the California District Court.  Further, in making its ruling, the California District Court applied Utah law.  The Ninth Circuit Court of Appeals affirmed the judgment.

- On October 12, 2021, Plaintiff once again sought to engage in self-help by unilaterally terminating payments that were due to EFE that day.  But rather than return to the California District Court to adjudicate any issue over the obligation to continue those payments (and to prevent Defendants from seeking relief in that Court), Plaintiff instead filed suit *in this Court* the very next day, on October 13, 2021.  Listed on the face of Plaintiff's Complaint are three attorneys from the Salt

1

Lake City office of Snell & Wilmer, L.L.P. and three more from the Dallas office of Baker Botts, L.L.P.

- Defendants timely responded to Plaintiff's Complaint on December 17, 2021, by filing their motion to transfer venue to the California District Court.  Under the Court's local rules (DUCivR 7-1(a)(4)), Plaintiff had a full four weeks (28 days) to respond.  In the ordinary course, Plaintiff's response would be due on January 14, 2022.

- Five days after receipt of Defendants' motion to transfer, Plaintiff's counsel on December 22, 2021 requested a three-week extension to respond to Defendants' venue transfer motion (i.e., from January 14 to February 4, 2022).  Defendants' counsel promptly responded that same day by explaining the reasons why granting such a lengthy extension would be prejudicial to Defendants' substantive interests, but nonetheless offered a briefer extension that would have required Plaintiff to file its response by Tuesday, January 18, 2022.

- After Plaintiff renewed its request for a three-week extension, Defendants' counsel replied again on December 23, 2021, explaining in even greater detail that although they were always willing to extend professional courtesies to an adversary's counsel, there were important and substantive reasons why delaying the next step in the briefing of Defendants' transfer motion would be prejudicial to, and impair the rights of, Defendants.  Given the circumstances presented by the filing of this case in Utah rather than in the California District Court, Defendants' counsel explained:  "We have offered a courtesy extension that we think is reasonable under the circumstances

2

 (including the apparent availability of your co-counsel at Baker Botts), and will continue to act with professionalism and courtesy towards you and your co-counsel, but do not feel authorized to agree to compound the damage being suffered by Defendants through delay and the passage of time."[1]

- Today, 11 days after Defendants' counsel declined to grant the full, expansive extension Plaintiff requested, Plaintiff filed its Motion.

### ARGUMENT

Plaintiff is attempting to turn this into a finger-pointing and name-calling exercise because Defendants declined to grant it a three-week extension to respond to a straight-forward motion to transfer venue to the California District Court, which previously adjudicated the parties' rights and obligations under the same contract as presented in this case.  Further, Plaintiff is seeking to use its Motion to argue the merits of the underlying transfer motion.  That same effort could be used by Plaintiff to prepare its response to the transfer motion on a timely basis, or at least within the extended period that Defendants' counsel offered.

Essentially, Plaintiff is seeking to create a dilemma for Defendants' counsel:  Either (1) surrender what Defendants' counsel considers in good faith to be a substantive interest of Defendants in obtaining as prompt adjudication of the transfer motion as permitted by the Court's local rules or (2) stand accused of impropriety in declining Plaintiff's request for a lengthy extension.

---

[1] Defendants' counsel requested that Plaintiff's counsel the correspondence on the issue of the requested three-week extension should Plaintiff request an extension to respond beyond January 18.  It appears that Plaintiff's counsel has done so; thus, Defendants do not attach duplicative copies to this response.

In response to Plaintiff's request for an extension, counsel for Defendants made it perfectly clear that "[w]e are now, and always will be, willing to extend professional courtesies to an adversary counsel, ***provided that the courtesies do not impair or prejudice the substantive interests of our clients***." (*See* Exhibit D to Motion, emphasis added.)  But in this case, the requested extension would prejudice the substantive interests of Defendants.  Defendants seek to have this dispute returned to the Court that previously adjudicated the parties' agreement. Delaying and dragging out the adjudication of that transfer has real and substantial consequences, including significant costs to EFE and Ms. Tanner.  For example, just prior to filing its Complaint Plaintiff resorted to self-help by withholding payments under the subject agreement at an approximate cost to EFE (an entity owned and operated by Ms. Tanner) of more than $11,000 per day.  Thus, the requested three-week extension alone will cost Defendants at least $233,000 in terms of royalties that should be paid to EFE during the extension period.[2]

Plaintiff's reliance on the Utah Standard of Professionalism and Civility, to accuse Defendants' counsel of impropriety, is misplaced.  Defendants' counsel has affirmed its willingness to grant requested extensions when doing so will not substantively prejudice their clients.  But nowhere in the rule cited is counsel required to sacrifice what it considers to be substantive interests of their client in subordination solely to granting a "professional

---

[2] Despite this, and to demonstrate its commitment to providing professional courtesies where warranted without prejudicing a substantive client interest, Defendants' counsel offered Plaintiffs a three-day extra weekend extension through the MLK holiday weekend—additional dates *after* the conclusion of Mr. Lalli's trial and the return of Mr. Stewart.  The effect of this extension would have been to move Plaintiff's response deadline from January 14 to January 18, 2022. Plaintiff now complains that such an extension is virtually meaningless because it would have required Plaintiff to work over a long holiday weekend.

courtesy"—indeed, that concept is contrary to counsels' primary obligation to act in their client's best interests.  This is particularly the case where (a) Plaintiff already has, under this Court's local rules, a generous 28 days to prepare a response to Defendants' straight-forward transfer motion, (b) Plaintiff waited 11 days after Defendants declined to agree to a full three-week extension to respond to the transfer motion before it even filed its Motion for an extension, and (c) Plaintiff is not wholly dependent upon just one set of attorneys, but is additionally represented by well-regarded co-counsel, Baker Botts, *whose three attorneys admitted pro hac vice in this case apparently have no conflicts or time constraints as to the current opposition due date.*[3]

Had Plaintiff's request not prejudiced Defendants' interests, Defendants' counsel would have agreed to it.  And if there is a future event in this litigation for which an extension is justified and will not impair Defendants' interest, Defendants' counsel will freely agree to it.  But the circumstances of this case, and those of Defendants' transfer motion, do not justify such a freely given and lengthy extension.

As more fully set forth in Defendants' transfer motion (Dkt. 23), this matter involves duplicative litigation.  The same parties (or their successors) to this case have already litigated their rights and obligations under ***the same agreement*** (the 2007 Consulting Services and Royalty Agreement) in a prior lawsuit in the California District Court.  Because that California

---

[3] Plaintiff completely ignores the fact that it has competent co-counsel in this case, despite counsel for Defendants pointing this fact out in the meet and confer correspondence, to which there has been no response.  Indeed, Plaintiffs have gone so far as to try and obscure this fact by failing to identify co-counsel on its motion caption page, as it did prominently on the caption page of the Complaint which commenced this action. (*See* Dkt. 2 at caption page.)

District Court issued a final (and affirmed) judgment in the prior case, transfer to that venue is warranted.

Plaintiff's contention in the Motion that "Defendants contractually agreed that Utah is the proper venue" and that Defendants' transfer motion "completely contradict[s] its contractual agreements" shows a disappointing lack of candor and disclosure to this Court.  In fact, as Plaintiff is well-aware, the "2005 Agreement" has no application in this case and is not even the subject of Plaintiff's Complaint.  Indeed, it is undisputed that in 2007, EFE and Plaintiff entered into a second royalty agreement which entirely ***replaced and superseded*** the 2005 Agreement. (Compl. [Dkt. 2], Ex. B. at p. 1 "WHEREAS, this Agreement supersedes and replaces the 2005 Consulting Agreement" and § 2.6 "This agreement supersedes and replaces the prior Consulting Agreement dated February 21, 2005".)  It is also beyond dispute that the 2007 Agreement which is the actual subject of Plaintiff's Complaint does not mandate venue in Utah as wrongfully asserted by Plaintiff.  In fact, the 2007 Agreement requires only that the 2007 Agreement be construed under Utah law and that EFE agrees to be "***subject to***" personal jurisdiction in Utah. (Compl. [Dkt. 2], Ex. B. at p. 15, section 9.6.)  This is not a venue clause, does not mandate that the case proceed only in Utah, and undermines Plaintiff's representation to this Court that "Defendants contractually agreed that Utah is the proper venue."  Plaintiff does not, because it cannot, dispute that the same parties to the instant action have already litigated their rights and obligations under the 2007 Agreement ***in the prior case in the California District Court and that Court issued a final judgment in the prior case***.  That simply would not have been possible if Defendants were contractually bound to litigate only in Utah as Plaintiff guilefully argues in the Motion.

6

Plaintiff, a publicly traded company with a multi-billion-dollar market cap, has already engaged in self-help, and ceased making the payments found to be due by the California District Court as required under the 2007 Agreement.  (*See* Dkt. 2 at ¶ 76.)  This is not the first time that Plaintiff has stopped making payments to EFE under the 2007 Agreement.  (*See* Dkt. 2 at ¶¶ 57-58 (acknowledging that such conduct was found to be wrongful by the California District Court).)  Plaintiff now seeks to further delay adjudication by requesting a three-week extension to respond to Defendants' transfer motion.  Were its request granted, Plaintiff would have a full seven weeks, or 49 days, to respond to a straightforward motion seeking to have this suit placed in the proper court.

Such a delay is not warranted by the facts or equities in this case.  Plaintiff is aware of the prior litigation between the parties.  (*See* Dkt. 2 at ¶¶ 58-61.)  Defendants' Motion to Transfer is straightforward—the instant case filed in Utah is a clear attempt at forum shopping as it involves the same parties litigating over the interpretation of the same agreement when those issues have already been reduced to judgment in the California District Court.  To the extent that Plaintiff can explain why transfer is not required in the interests of justice in a compelling fashion on the facts of this case, it should be able to articulate those reasons, if any, within the 28-period permitted by the Court's local rules, or at least the 32-day period offered by Defendants' counsel.

Plaintiff, without waiting for the adjudication it seeks by its Complaint, unilaterally ceased making payments under the 2007 Agreement.  Thus, the harm caused by this self-help is ongoing, and will likely continue until this case is adjudicated.  Plaintiff's request for delay only prolongs the harm it is causing.

7

Nor should this case be delayed due to scheduling conflicts for some of Plaintiff's counsel. Plaintiff is represented by two large, prominent, and respected law firms, Snell & Wilmer[4] and Baker Botts,[5] with six attorneys listed on the caption page of the Complaint. If Plaintiff cannot draft a response to the transfer motion without the assistance of certain counsel, it should explain why.

Defendants' counsel stands willing to extend any and all professional courtesies—when those courtesies do not threaten or impair the rights or interests of the individual and her company that Defendants' counsel represents. Defendants are anxious to see this case transferred to the California District Court, which previously adjudicated the parties' rights and obligations under the same agreement that is the subject of this case, filed in Utah. Delay serves only Plaintiff's interests. It is expected that the California District Court, which already has familiarity with the parties, the subject agreement, and the issues presented, will be best suited to expeditiously adjudicate, again, this renewed dispute. But that is why Plaintiff chose not to return to the California District Court.

/ / /

/ / /

---

[4] "[A] a full-service business law firm with more than 450 lawyers practicing in 15 locations throughout the United States and in Mexico." https://www.linkedin.com/company/snell-&-wilmer.

[5] [A]n international law firm of approximately 700 lawyers practicing throughout a network of 13 offices around the globe." https://www.linkedin.com/company/baker-botts-llp.

## CONCLUSION

Because the Plaintiff has failed to establish a compelling factual, equitable, or practical reason for a three-week extension, until February 4, 2022, to respond to Defendants' transfer motion, Defendants request that Plaintiff's Motion be denied.  As previously offered, however, Defendants are not opposed to a less lengthy extension, if really required by Plaintiff, to January 18, 2022.

DATED: January 3, 2022                    Respectfully submitted,

BROWN RUDNICK LLP
Ronald Rus
Leo J. Presiado

MASCHOFF BRENNAN GILMORE & ISRALSEN
Sterling A. Brennan
L. Rex Sears


By:   *Sterling A. Brennan*
       Sterling A. Brennan
       Attorneys for Defendants
       Enough For Everyone, Inc. and Desiree Tanner

9