THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRICUT, INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>ENOUGH FOR EVERYONE, INC., a Nevada corporation, and DESIREE TANNER, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE<br><br><br>Case No. 2:21-CV-601-TS-DAO<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion to Transfer Venue (the "Motion") to the Central District of California. For the following reasons, the Court will deny the Motion.

I. BACKGROUND

In 2005, Plaintiff Cricut, Inc. ("Cricut") (formally known as "Provo Craft and Novelty, Inc.")[1] and Defendant Desiree Tanner entered into an agreement where Plaintiff would pay Tanner royalties on the revenue earned from Cricut's electronic cutting machines and related cartridges (the "2005 Agreement").[2] The 2005 Agreement contained a forum-selection clause that stated:

> The parties hereto agree that the venue for any litigation or dispute arising out of this Agreement shall be in Utah and that the Federal and State courts therein shall have jurisdiction over the subject matter and parties.[3]

---

[1] Docket No. 25-4 at 2; *see* Docket No. 2 ¶ 2.

[2] *See* Docket No. 12-1.

[3] *Id.* ¶ 9.2.

In 2007, Plaintiff, Tanner, and Enough for Everyone, Inc. ("EFE") (a California corporation that later merged with current Defendant EFE, a Nevada corporation)[4] entered into a new agreement that "supersede[d] and replace[d] the 2005 Consulting Agreement"[5] (the "2007 Agreement"). The 2007 Agreement did not contain a forum-selection clause but instead stated:

> The Parties hereto agree that this Agreement shall be construed in accordance with, and all disputes hereunder shall be governed by, the laws of the State of Utah and [EFE] expressly agrees to be subject to personal jurisdiction in Utah.[6]

In 2011, EFE sued Plaintiff in the Central District of California for unpaid royalties and consulting fees.[7] On October 16, 2012, the District Judge entered judgment for EFE.[8]

In October 2021, Plaintiff brought this action against EFE and Tanner (collectively, "Defendants") seeking declaratory judgment that Defendants are not entitled to royalty payments and asserting claims for unjust enrichment, money had and received, and overpayment.[9] Defendants now move to transfer the case to the Central District of California because "the instant litigation has a lengthy history between these parties, involving previous litigation over the same contractual rights and obligations, which was reduced to a final judgement in the United States District Court for the Central District of California."[10]

---

[4] Docket No. 25-6 at 3–6; *see* Docket No. 2 ¶¶ 3–4; *see also* Docket No. 23 at 6.

[5] Docket No. 12-2 ¶ 9.4.

[6] *Id.* ¶ 9.6.

[7] *See Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*, No. SACV-11-1161-DOC(MLGx), 2012 WL 12884680 (C.D. Cal. Oct. 16, 2012).

[8] *Id.* at *2.

[9] *See* Docket No. 2 ¶¶ 77–108.

[10] Docket No. 23 at 4.

## II.  LEGAL STANDARD

For civil actions, venue is proper in a district where all defendants reside, where a substantial part of the claim arose, or, if there is no district in which the action may otherwise be brought, where any defendant is subject to the Court's personal jurisdiction.[11] If a case is brought in the wrong venue, the Court may transfer it to a district in which it could have been brought, if it is in the interest of justice to do so.[12] Further, under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[13] The party seeking transfer of venue under § 1404(a) "bears the burden of establishing that the existing forum is inconvenient."[14] "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change in venue."[15]

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"[16] The Tenth Circuit has stated that

---

[11] 28 U.S.C. § 1391(b).

[12] *Id.* § 1406(a).

[13] *Id.* § 1404(a).

[14] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (internal citations omitted).

[15] *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992)).

[16] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

> [a]mong the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[17]

### III. DISCUSSION

Plaintiff seeks enforcement of the forum-selection clause in the 2005 Agreement, which states that "the venue for any litigation or dispute arising out of this Agreement shall be in Utah."[18] However, Plaintiff's complaint is based on the 2007 Agreement,[19] which "supersedes and replaces the 2005 Consulting Agreement."[20] Unlike the 2005 Agreement, the 2007 Agreement contains no forum-selection clause. The 2007 Agreement only states that it is governed by Utah law and that EFE would be subject to personal jurisdiction in Utah.[21] Thus, the forum-selection clause in the 2005 Agreement has no bearing on this suit.

The analysis turns to whether venue is proper under 28 U.S.C. § 1391(b). The parties agree that Defendants do not reside in the District of Utah: Tanner is a California resident and EFE is Nevada corporation with its principal place of business in Nevada.[22] Thus, the question is

---

[17] *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967) (internal citation omitted).

[18] Docket No. 12-1 ¶ 9.2; *see* Docket No. 29 at 6–7.

[19] *See* Docket No. 2 ¶¶ 80–85.

[20] Docket No. 12-2 ¶ 9.4.

[21] *Id.* ¶ 9.6.

[22] Docket No. 23 at 16; Docket No. 29 ¶¶ 2–3.

whether a substantial part of Plaintiff's claim arose in the District of Utah.[23] Under § 1391(b)(2), "venue can be appropriate in more than one district . . . as long as a substantial part of the underlying events took place in those districts."[24] The Tenth Circuit directs courts to conduct a two-part analysis when reviewing challenges to venue under § 1391(b)(2).[25] The Court must: (1) "examine the nature of the plaintiff's claims and the acts or omissions underlying those claims;" and (2) "determine whether substantial 'events material to those claims occurred' in the forum district."[26]

Here, the nature of Plaintiff's claims for declaratory judgment, unjust enrichment, money had and received, and overpayment concern the contractual rights and obligations between the parties. The acts and omissions underlying Plaintiff's claims include the residence and principal place of business of the parties, the contract formation and execution between the parties, and any interactions between the parties during the relevant time.[27] Although Defendants argue that "contract negotiations . . . took place almost entirely through phone calls and emails" with "one in-person meeting in Utah,"[28] Plaintiff still negotiated, performed, and allegedly suffered injury related to the 2007 Agreement in Utah. For example, Plaintiff made payments under the 2007 Agreement to Defendants and each payment was prepared for and sent from Utah.[29]

---

[23] Docket No. 23 at 15–18; *see* Docket No. 29 at 7–11.

[24] *Bartile Roofs*, 618 F.3d at 1166 (quoting *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356 (2d Cir. 2005)).

[25] *Id*.

[26] *Id*. (quoting *Gulf Ins.*, 417 F.3d at 357.)

[27] *See* Docket No. 2.

[28] Docket No. 23 at 16.

[29] Docket No. 29 at 9 (citing Docket No. 29-1 ¶ 9).

Additionally, Plaintiff's alleged injury is to its business in Utah.[30] Even though some events material to Plaintiff's claim occurred outside the District of Utah, "venue is not limited to the district with the *most* substantial events or omissions," but is proper in *any* district where substantial events material to Plaintiff's claims occurred.[31] For these reasons, venue is proper in the District of Utah.

Lastly, Defendants suggest that even if this Court finds venue proper in the District of Utah, it should still transfer the case to the Central District of California under 28 U.S.C. § 1404(a).[32] Specifically, Defendants argue that the Central District of California has "already ruled in the [prior case] on the issues implicated in the [current case]" and that transfer is appropriate in the interests of justice, judicial economy, and to avoid forum shopping.[33] Under § 1404(a), a court may transfer a case to another district court where it could have been brought "for the convenience of parties and witnesses [and] in the interest of justice."[34] "Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed."[35] Here, Defendants fail to cite to any legal authority that mandates parties who were previously engaged in litigation over a contract to bring any subsequent litigation involving that contract in the same court. Defendants provide no other basis for transfer. Thus, Defendants fail

---

[30] Docket No. 2 ¶¶ 88–89.

[31] *Bartile Roofs*, 618 F.3d at 1165 (internal citations omitted).

[32] Docket No. 23 at 18 n.11.

[33] *Id.* at 16.

[34] 28 U.S.C. § 1404(a).

[35] *Id.* (quoting *Scheidt*, 956 F.2d at 965).

to meet their burden in establishing that the existing forum is inconvenient, and the Court will not transfer the case under § 1404(a).

## IV.   CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Transfer Venue (Docket No. 23) is DENIED.

DATED this 16th day of March, 2022.

                BY THE COURT

                _____
                Ted Stewart
                United States District Judge