UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CRICUT, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> ENOUGH FOR EVERYONE, INC., a Nevada corporation; and DESIREE TANNER, an individual, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO AMEND SCHEDULING ORDER, FOR OVERLENGTH BRIEFING, AND TO EXTEND REPLY DEADLINE (DOC. NO. 153)** <br><br> Case No. 2:21-cv-00601 <br><br> District Judge Ted Stewart <br><br> Magistrate Judge Daphne A. Oberg |

Defendants Enough for Everyone, Inc. ("EFE"), and Desiree Tanner filed a motion[1] (1) to amend the scheduling order to permit depositions of inventors who provided declarations in opposition to Defendants' motion to correct inventorship;[2] (2) to permit an overlength reply in support of Defendants' motion to correct inventorship; and (3) to extend the deadline to file the reply until after the inventors' depositions.  Plaintiff Cricut, Inc. does not oppose the request for overlength briefing but opposes the remainder of the motion.[3]

The motion is granted in part and denied in part.  As explained below, because Defendants fail to show good cause to reopen discovery, their request to modify the scheduling order is denied, and their request to extend the reply deadline until after further discovery is

---

[1] ("Mot.," Doc. No. 153.)

[2] (Doc. No. 113.)

[3] (*See* Opp'n, Doc. No. 168.)

likewise denied.  Defendants' unopposed request for overlength briefing is granted.  Defendants

may file a reply of up to 6,000 words no later than seven days from the date of this order.

## BACKGROUND

Cricut brought this case in October 2021, alleging it overpaid royalties to EFE and Ms.

Tanner related to certain design patents after those patents expired.[4]  Defendants counterclaimed

for breach of contract.[5]  In December 2022, Defendants moved to amend their pleading to add a

counterclaim for correction of inventorship of two utility patents, alleging Ms. Tanner was an

unnamed inventor.[6]  Defendants described this as an "alternative theory of the case."[7]

According to Defendants, their primary response to Cricut's claims is that expiration of the

design patents did not preclude ongoing royalty payments under the parties' agreement, but their

secondary line of defense is that ongoing royalties are permitted based on the unexpired utility

patents.[8]  Defendants also argued the court had jurisdiction to correct inventorship regardless—

even in the absence of a counterclaim for correction.[9]

In the meantime, Defendants also filed a motion to increase the limit on the number of

depositions from ten to fifteen, arguing they needed additional depositions in order to depose all

---

[4] (*See* Compl., Doc. No. 2.)

[5] (*See* Answer to Am. Compl. and Countercl., Doc. No. 55.)

[6] (*See* Mot. for Leave to File First Am. Answer and Countercls., Doc. No. 65.)

[7] (*Id.* at 7.)

[8] (*See id.*)

[9] (*See id.* at 1, 7–8.)

ten named inventors of the utility patents.[10]  On January 10, 2023, the court denied the request

for additional depositions, finding (1) Defendants had not adequately explained why they needed

to depose every named inventor, and (2) Defendants failed to show ten depositions were

insufficient, where they had not yet conducted *any* depositions.[11]  But this denial was without

prejudice; the court noted that "[i]f, in the course of further discovery, Defendants are able to

demonstrate additional depositions are warranted, they may file a new motion."[12]  The court also

granted a two-month extension of fact discovery, through March 16, 2023.[13]

In January 2023, Defendants deposed one named inventor, Robert Workman, in both an

individual and a Rule 30(b)(6) capacity on several topics including utility patent inventorship.[14]

On February 1, 2023, Defendants served supplemental initial disclosures identifying nine of the

inventors, including Mr. Workman, as witnesses with discoverable information related to

inventorship.[15]  The same day, Defendants filed a motion seeking approval of a proposed

program to provide notice to the named inventors as a prerequisite to correction of

inventorship.[16]  That motion, and Defendants' motion to add a counterclaim for correction of

---

[10] (*See* Mot. for Leave to Am. Scheduling Order, to (1) Allow Add'l Deps. and (2) Extend Disc. Deadlines, Doc. No. 68.)

[11] (Order Granting in Part and Den. in Part Mot. to Am. Scheduling Order 4–5, Doc. No. 74.)

[12] (*Id.* at 5.)

[13] (*See id.* at 1–3; *see also* Second Am. Scheduling Order, Doc. No. 75.)

[14] (*See* Mot. 4, Doc. No. 153; Opp'n ¶ 7, Doc. No. 168.)

[15] (*See* Opp'n ¶ 8, Doc. No. 168; Ex. 1 to Opp'n, Defs.' Supp'l Initial Discls. 3–4, Doc. No. 168-1.)

[16] (*See* Mot. to Approve Notice Program, Doc. No. 77.)

inventorship, remained pending when discovery closed on March 16.  Defendants did not depose any named inventors other than Mr. Workman before fact discovery closed.

On May 8, 2023, the court denied Defendants' motion to add a counterclaim for correction of inventorship.[17]  The court deemed the motion untimely because "Defendants were aware of issues regarding inventorship at least as early as August 10, 2022, when they sent discovery requests relating to the utility patents to Cricut," but Defendants did not move for leave to amend until four months after the August 15, 2022 scheduling order deadline.[18] However, the court granted Defendants' motion to approve a notice program as a prerequisite to correction of inventorship.[19]

Defendants proceeded with the notice program and received no response from any named inventors.[20]  Ms. Tanner then filed a motion to correct patent inventorship, noting the lack of response from the named inventors.[21]  Cricut filed an opposition supported by declarations from five of the named inventors, including Mr. Workman.[22]  Defendants then filed the instant motion on July 21, 2023, seeking leave to depose the five inventor declarants (including a second

---

[17] (*See* Mem. Decision and Order Den. in Part Defs.' Mot. for Leave to File First Am. Answer and Countercls. and Granting Defs.' Mot. to Approve Notice Program 6–8, Doc. No. 90.)

[18] (*Id.* at 7.)

[19] (*See id.* at 8–11.)

[20] (*See* Mot. 3, Doc. No. 153.)

[21] (*See* Mot. to Correct Patent Inventorship, Doc. No. 113.)

[22] (*See* Opp'n to Mot. to Correct Patent Inventorship, Doc. No. 138; *see also* Doc. Nos. 139–142, 144 (inventor declarations).)

deposition of Mr. Workman), to extend their reply deadline until after those depositions, and to permit overlength briefing.[23]

## ANALYSIS

### A. Request to Amend the Scheduling Order

Defendants seek to amend the scheduling order to reopen discovery to permit depositions of the five inventor declarants.[24]  Because Defendants have already used eight of their ten allotted depositions, they also seek leave to increase the deposition limit to thirteen.[25]  And because Mr. Workman was already deposed, they seek leave to depose him a second time.[26]

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides a scheduling order "may be modified only for good cause and with the judge's consent."[27]  Relevant factors for courts to consider in determining whether good cause exists to reopen discovery include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[28]

---

[23] (*See* Mot., Doc. No. 153.)

[24] (*See id.* at 2–4.)

[25] (*See id.* at 3.)

[26] (*See id.* at 3–4.)

[27] Fed. R. Civ. P. 16(b)(4).

[28] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Tracy v. Youth Health Assocs.*, No. 1:20-cv-00088, 2021 U.S. Dist. LEXIS 110051, at *4–6 (D. Utah June 9, 2021) (unpublished).

Defendants argue Cricut's filing of declarations from the inventors provides good cause to reopen discovery to permit Defendants to depose them.[29]  Defendants explain they did not depose the inventors (other than Mr. Workman) before fact discovery closed because doing so would have used up all allotted depositions, and the court denied their motion for additional depositions.[30]  Defendants assert that after this denial, they "pivoted to developing and implementing a notice program to figure out which inventors might need to be deposed."[31]  Defendants also claim Cricut "surprised" them by supporting its opposition with declarations from the inventors.[32]  They argue "it would be unfair to deny [Ms.] Tanner an opportunity to test their declarations by deposition."[33]  Defendants also argue a second deposition of Mr. Workman is warranted because his declaration includes statements about his and others' alleged inventive roles to which he did not testify in his deposition, and which Cricut did not disclose in response to an interrogatory seeking information about the inventors' contributions.[34]

Defendants have not shown good cause to reopen discovery.  Defendants have not demonstrated they were sufficiently diligent in pursuing the discovery they now seek within the fact discovery period, nor have they shown the need for inventor depositions was unforeseeable.  As noted in a prior order, Defendants have been aware of the inventorship issue since at least

---

[29] (Mot. 1–4, Doc. No. 153; Reply 1, Doc. No. 169.)

[30] (Mot. 2, Doc. No. 153.)

[31] (*Id.* at 3.)

[32] (*Id.*)

[33] (*Id.*)

[34] (*See id.* at 3–4.)  Cricut's interrogatory response merely incorporated Mr. Workman's deposition testimony.  (*See id.* at 4.)

August 2022.[35]  Defendants were also aware of the identities of the named inventors, who were

listed in their December 2022 motion seeking additional depositions.[36]  And Defendants

identified nine of the ten named inventors (including all but one of the inventor declarants they

now seek to depose) as relevant witnesses in their February 1, 2023 supplemental disclosures.[37]

Although the need for inventor depositions was foreseeable long before discovery closed on

March 16, 2023, Defendants chose to depose only one of the named inventors before the fact

discovery deadline—despite using only eight of their allotted ten depositions.

The denial of Defendants' prior motion for additional depositions does not excuse their

lack of diligence in pursuing inventor depositions.  This denial was based on the fact that

Defendants had not yet taken any depositions and failed to adequately explain their need to

depose all ten inventors.  The order did not prevent Defendants from using some or all of their

allotted depositions to depose named inventors.  Further, the order was issued two months before

the close of fact discovery and expressly permitted Defendants to file a new motion if additional

depositions were warranted after further discovery.[38]  Defendants could have renewed their

motion after using their allotted depositions, if they believed at that point that more depositions

---

[35] (*See* Mem. Decision and Order Den. in Part Defs.' Mot. for Leave to File First Am. Answer and Countercls. and Granting Defs.' Mot. to Approve Notice Program 7, Doc. No. 90.)

[36] (*See* Mot. for Leave to Am. Scheduling Order, to (1) Allow Add'l Deps. and (2) Extend Disc. Deadlines 6–7, Doc. No. 68.)

[37] (*See* Ex. 1 to Opp'n, Defs.' Supp'l Initial Discls. 3–4, Doc. No. 168-1.)  Phil Beffrey is the only inventor Defendants now seek to depose who was not identified in Defendants' supplemental disclosures.  Nevertheless, Defendants were aware he was a named inventor; he was listed in Defendants' December 2022 motion seeking additional depositions.  (*See* Mot. for Leave to Am. Scheduling Order, to (1) Allow Add'l Deps. and (2) Extend Disc. Deadlines 6, Doc. No. 68.)

[38] (*See* Order Granting in Part and Den. in Part Mot. to Am. Scheduling Order 5, Doc. No. 74.)

were necessary.  But even after deposing Mr. Workman on the topic of inventor contributions

and identifying nine named inventors as relevant witnesses in their supplemental disclosures,

Defendants failed to depose any other inventors or file a renewed motion seeking additional

depositions before fact discovery closed.  And as noted, Defendants did not even use all their

allotted depositions.

Defendants' motion to approve a notice program also does not demonstrate they

diligently pursued inventor depositions.  Defendants now claim they pursued the notice program

to "figure out which inventors might need to be deposed."[39]  But there was no indication in the

motion itself that this was its purpose.  Instead, the motion indicates only that the notice program

was a necessary prerequisite to filing a motion to correct inventorship.[40]  Defendants did assert in

their reply that the motion was "an appropriate attempt to ascertain what the Court indicated it

would need to know in order to authorize additional depositions."[41]  But to the extent this was a

purpose of the notice program, Defendants did not seek to extend fact discovery pending a ruling

on the motion.  And notably, Defendants also did not seek to reopen discovery upon completing

the notice program.  Rather, Defendants proceeded with filing a motion to correct inventorship

without pursuing further discovery from the named inventors.

Under these circumstances, Cricut's filing of inventor declarations in opposition to

Defendants' inventorship motion does not provide good cause to reopen discovery.  As noted,

the need for discovery from the inventors was foreseeable: Defendants were aware of all the

named inventors long before fact discovery closed and identified four of the inventors who

---

[39] (Mot. 3, Doc. No. 153.)

[40] (*See* Mot. to Approve Notice Program 2–3, Doc. No. 77.)

[41] (*See* Reply in Support of Motion to Approve Notice Program 5, Doc. No. 83.)

provided declarations as relevant witnesses in their own supplemental disclosures.[42]  Yet

Defendants chose not to depose any inventors other than Mr. Workman, failed to use all their

allotted depositions, failed to renew their motion for additional depositions before fact discovery

closed, failed to move for an extension of fact discovery, and elected to file their motion to

correct inventorship without seeking further discovery from the named inventors.  Cricut's

reliance on inventor declarations to oppose the motion does not excuse Defendants' lack of

diligence in pursuing inventor depositions within the scheduling order deadlines.

Further, any discrepancy between Mr. Workman's deposition testimony and his

declaration does not warrant reopening discovery to permit a second deposition.  Inconsistencies

with prior testimony (or interrogatory responses) may be a basis for impeachment or evidentiary

arguments, but Defendants have not demonstrated a second deposition is warranted where they

already had ample opportunity to depose Mr. Workman on the topic of inventor contributions.[43]

Some of the other factors relevant to a motion to reopen discovery favor Defendants.  For

example, the fact that no trial is currently set weighs in favor of Defendants' request to reopen

discovery.[44]  Additionally, inventor depositions could yield evidence relevant to the inventorship

dispute.  But these favorable factors are outweighed by Defendants' lack of sufficient diligence

---

[42] As noted above, the fifth inventor who provided a declaration was known to Defendants, even though he was not listed in Defendants' disclosures; he was listed in Defendants' December 2022 motion seeking additional depositions.  (*See* Mot. for Leave to Am. Scheduling Order, to (1) Allow Add'l Deps. and (2) Extend Disc. Deadlines 6, Doc. No. 68.)

[43] *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) (requiring leave of court to depose a person a second time); *see also* Fed. R. Civ. P. 26(b)(2)(C)(ii) (requiring the court to limit discovery otherwise allowed by these rules if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action").

[44] (*See* Order Granting Defs.' Mot. to Am. Scheduling Order to Extend Dispositive Mot. Cutoff, Doc. No. 162 (vacating trial date).)

in pursuing foreseeably relevant discovery within the scheduling order deadlines.  Balancing all the relevant factors, Defendants have not demonstrated good cause to reopen discovery for inventor depositions at this stage.

For these reasons, Defendants' request to reopen discovery to permit depositions of the inventor declarants is denied.

### B.  Request to Extend Reply Deadline

Because Defendants' request to reopen discovery is denied, their request for a corresponding extension of the reply deadline is also denied.  Defendants' reply shall be due seven days from the date of this order.

### C.  Request for Overlength Briefing

Defendants seek leave to file a reply brief in support of their inventorship motion of up to 6,000 words.[45]  Cricut does not oppose this request.[46]  For the reasons stated in the motion, good cause exists to permit an overlength reply of up to 6,000 words.  Therefore, the motion is granted as to this request.

### CONCLUSION

Defendants' motion[47] is granted in part and denied in part.  Because Defendants fail to show good cause to reopen discovery, their request to modify the scheduling order is denied, and their request to extend the reply deadline until after further discovery is likewise denied.

---

[45] (*See* Mot. 4–5, Doc. No. 153.)

[46] (*See* Opp'n 9, Doc. No. 168.)

[47] (Doc. No. 153.)

Defendants' unopposed request for overlength briefing is granted.  Defendants may file a reply of up to 6,000 words no later than seven days from the date of this order.

DATED this 10th day of August, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge