UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CRICUT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENOUGH FOR EVERYONE, INC., a Nevada corporation; and DESIREE TANNER, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT FORM DISCOVERY MOTION RE: EXPERT DEPOSITION PREPARATION FEES (DOC. NO. 208)**<br><br>Case No. 2:21-cv-00601<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Cricut, Inc. filed a motion to compel Defendants Enough for Everyone, Inc. and Desiree Tanner to pay the fees of Cricut's expert, Charles Mauro, for preparing for his deposition.[1] Cricut seeks payment for 20.5 hours of Mr. Mauro's time spent in phone calls and meetings with Cricut's counsel to prepare for the deposition, billed at an hourly rate of $700.[2] Defendants have agreed to pay the costs of Mr. Mauro's time spent appearing at the deposition,[3] but they oppose paying the costs of his preparation for the deposition.[4] Because Mr. Mauro's preparation time may fairly be characterized as trial preparation, and he failed to separately quantify the time he spent reviewing documents, the motion is denied.

---

[1] (Cricut's Short Form Disc. Mot. Re: Expert Dep. Preparation Fees ("Mot."), Doc. No. 208.)

[2] (*See* Ex. 1 to Mot., Decl. of Charles Mauro ("Mauro Decl.") ¶¶ 10–13, Doc. No. 208-1; Ex. A. to Mauro Decl., Billing Record, Doc. No. 208-1 at 9.)

[3] (*See* Mot. 1, Doc. No. 208.)

[4] (Defs.' Opp'n to Cricut's Short Form Disc. Mot. Re: Expert Dep. Preparation Fees ("Opp'n"), Doc. No. 215.)

1

As relevant here, Rule 26(b)(4)(E) of the Federal Rules of Civil Procedure provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)."[5] Subsection (b)(4)(A) permits expert depositions.[6]

In support of its argument that Defendants should pay Mr. Mauro's fees, Cricut relies on case law from other circuits finding "time spent in responding to discovery" under this rule includes time spent preparing for a deposition.[7] One court addressing this issue found "a substantial majority of the courts that have considered the availability of fees for deposition preparation time under Rule 26(b)(4)(E) have held that fees for a reasonable amount of deposition preparation time are chargeable to the party seeking discovery."[8] The rationale supporting this approach is that "the expert's deposition benefits the deposing party, that preparation is often necessary to enable the witness to be fully responsive during the deposition, and that preparation facilitates the deposition process by avoiding repeated interruptions to enable the witness to refresh his recollection by consulting."[9]

However, the Tenth Circuit has not addressed this issue, and district courts in this circuit are divided. Some have concluded an expert's time spent preparing for a deposition is not

---

[5] Fed. R. Civ. P. 26(b)(4)(E)(i).

[6] Fed. R. Civ. P. 26(b)(4)(A).

[7] *See Script Sec. Sols., LLC v. Amazon.com, Inc.*, No. 2:15-cv-1030-WCB, 2016 U.S. Dist. LEXIS 156034, at *22 (E.D. Tex. Nov. 10, 2016) (unpublished); *Collins v. Vill. of Woodridge*, 197 F.R.D. 354, 357 (N.D. Ill. 1999); *Hurst v. United States*, 123 F.R.D. 319, 321 (D.S.D. 1988).

[8] *Script Sec. Sols.*, 2016 U.S. Dist. LEXIS 156034, at *16 (collecting cases).

[9] *Id.* at *17 (internal quotation marks omitted).

compensable under this rule.[10] These courts reason that time spent preparing for a deposition is akin to trial preparation, which is not compensable under Rule 26:

> Time spent "preparing" for a deposition entails not only the expert's review of his conclusions and their basis, but also consultation between the responding party's counsel and the expert to prepare the expert to best support the responding party's case and to anticipate questions from seeking party's counsel. An expert's deposition is in part a dress rehearsal for his testimony at trial and thus his preparation is part of trial preparation. One party need not pay for the other's trial preparation. The court finds that a deposing party need not compensate the opposing party's expert for time spent "preparing" for deposition.[11]

Other district courts in this circuit have concluded an expert's deposition preparation time is compensable, including time spent reviewing documents—but not time spent conferring with counsel in preparation for the deposition.[12]

Here, the deposition preparation for which Cricut seeks compensation primarily appears to be time Mr. Mauro spent conferring with Cricut's counsel. Specifically, Mr. Mauro states he "spent 2.5 hours on July 5, 2023 to meet with counsel and discuss the topics" to prepare for deposition.[13] And he states he "spent 8 hours on July 10, 2023 and 10 hours on July 11, 2023 at an in-person meeting in Dallas to prepare for [his] deposition."[14]

---

[10] *See, e.g.*, *Willis v. Bender*, No. 06-CV-211-D, 2007 U.S. Dist. LEXIS 104793, at *14 (D. Wyo. Apr. 12, 2007) (unpublished); *Benjamin v. Gloz*, 130 F.R.D. 455, 457 (D. Colo. 1990).

[11] *Benjamin*, 130 F.R.D. at 457 (citation omitted); *see also Willis*, 2007 U.S. Dist. LEXIS 104793, at *14 (citing the same rationale).

[12] *Boos v. Prison Health Servs.*, 212 F.R.D. 578, 580 (D. Kan. 2002); *see also Conroy v. Schafer*, No. 2:06-cv-00867, 2010 U.S. Dist. LEXIS 158996, at *3 n.13 (D. Utah Feb. 24, 2010) (unpublished) ("Plaintiff concedes that defendant is not responsible to pay for the time that [the expert] spent meeting with plaintiff's attorneys to review her preparation.").

[13] (Mauro Decl. ¶ 11, Doc. No. 208-1.)

[14] (*Id.* ¶ 12.)

It is not apparent these meetings and discussions with Cricut's counsel are compensable under Rule 26(b)(4)(E). As noted above, time spent consulting with counsel is commonly excluded—even by courts holding that deposition preparation is generally compensable. The rationale for fee-shifting under Rule 26(b)(4)(E) does not support requiring Defendants to pay for such consultation, which may fairly be characterized as part of trial preparation.

Mr. Mauro also states that he reviewed materials, including his own 113-page report, seven design patents at issue in this case, branding references and materials, deposition testimony, and technical references.[15] However, it is unclear how much time Mr. Mauro spent reviewing such materials, and whether this review was separate from the meetings with counsel for which Cricut seeks compensation. Where Mr. Mauro fails to quantify the time he spent reviewing materials or to distinguish it from his meetings with counsel, Cricut's request for compensation lacks adequate support.

Accordingly, Cricut's motion[16] to compel Defendants to pay Mr. Mauro's fees for deposition preparation is denied.

DATED this 20th day of November, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[15] (*Id.* ¶ 14.)

[16] (Doc. No. 208.)