Matthew L. Lalli (6105)
Jeremy J. Stewart (12247)
**SNELL & WILMER L.L.P.**
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
mlalli@swlaw.com
jjstewart@swlaw.com

David Tobin (*pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
Telephone: (214) 210-2793
dtobin@mwe.com

*Attorneys for Plaintiff Cricut, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CRICUT, INC., A Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENOUGH FOR EVERYONE, INC., a Nevada corporation, and DESIRÉE TANNER, an individual,<br><br>Defendants. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDED RULE 26(a)(2) DISCLOSURES [ECF 212]**<br><br>Case No. 2:21-cv-00601-TS-DAO<br><br>Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

Plaintiff Cricut, Inc. ("**Cricut**") hereby opposes Defendants' *Motion to Strike Plaintiff's Amended Rule 26(a)(2) Disclosures (ECF 212)* filed November 21, 2023 (the "**Motion**," ECF 226).

**I.    SUMMARY**

The Court will recall that Defendants' counsel, Maschoff Brennan, engaged in now-sanctioned witness tampering that caused Cricut's original tax experts to withdraw shortly after Cricut timely disclosed those experts. *Sanctions Order*, ECF 186 at 7–8. Maschoff Brennan's misconduct required Cricut to scramble to find a replacement tax expert—Mr. Donohoe—after the original expert disclosure deadline had passed. *See,* e.g., *Motion to Amend Select Expert Deadlines*, ECF 106. This also led the Court to enter some amended expert disclosure and discovery deadlines, including the one at issue in this Motion: "The deadline for Plaintiff to ***serve*** burden-of-proof expert ***disclosures and reports*** for any burden-of-proof replacement expert(s) is extended to September 1, 2023." *Order*, ECF 125 at 2 (emphases added) (the "**Amended Scheduling Order**"). In light of the unusual circumstances leading to that amended deadline, the Court's Amended Scheduling Order departed from the typical requirements in the federal and local rules in two important respects.  First, instead of requiring the disclosures to be filed, the Amended Scheduling Order expressly required Cricut to "serve" the replacement expert disclosures. *Id.* Second, instead of requiring expert disclosures and then sometime thereafter the expert's report of opinions, the Amended Scheduling Order required that the replacement expert's disclosures and report both be served by the same day. *Id.*

It is beyond dispute that Cricut strictly complied with both aspects of that Amended Scheduling Order. Cricut *served* Defendants with all of Mr. Donohoe's required disclosure information no later than July 19, 2023—44 days *before* the September 1 disclosure deadline. *See* **Exhibits 1-2**. On the September 1 deadline, Cricut then *served* on Defendants Mr. Donohoe's expert report—which again contained all of the required expert disclosure information. *See Motion* Ex. A at 1 to A-10.

Cricut's strict compliance with the Amended Scheduling Order allowed Defendants to conduct a full deposition of Mr. Donohoe, and Defendants spent as much time as they wanted

1

questioning, exploring, and developing Mr. Donohoe's expert opinions. *See Motion* at 2. There is no dispute that Defendants received timely and full disclosure of Mr. Donohoe's opinions.

But, at the time of Mr. Donohoe's deposition, Cricut noticed it had not *filed* a disclosure of Mr. Donohoe to permit the Court to perform a conflict check to make sure it did not have a conflict with Mr. Donohoe. DUCivR 26-1(a)(2). As soon as possible thereafter, Cricut filed its Amended Rule 26(a)(2) Disclosures to disclose Mr. Donohoe to the Court for conflict purposes. *See* ECF 212. To date, the Court has not disclosed any conflict with Mr. Donohoe.

Notably, the deadline for the parties to file motions to exclude expert testimony has expired. ECF 125 at 2. And, tellingly, Defendants moved to exclude testimony of every Cricut expert *except* Mr. Donohoe. *See, e.g.*, ECF 217; ECF 221. Defendants could not concoct a single argument for excluding any of Mr. Donohoe's opinions disclosed in his report and deposition. This is particularly telling given that Defendants previously indicated that Mr. Donohoe's tax opinions would be excludable. *See, e.g.*, ECF 135 at 10. And Defendants surely want to exclude Mr. Donohoe's opinions given that Mr. Donohoe opines that Defendants own, sworn tax returns completely confirm Cricut's position in this lawsuit (that the royalties were for patents) and entirely undermine Defendants' contrary position. *See, e.g.*, *Motion* Ex. A at 1–24; ECF 192 at 18–20, 35–37.

These undisputed facts depict a clear reality: Defendants did not expend the time and resources filing this Motion to strike Cricut's disclosure of Mr. Donohoe out of concern for the Court's ability to run a conflicts check, but in another desperate, back-door attempt to finish what Defendants started when they engaged in unethical witness tampering, and to prevent Cricut's tax expert from offering unquestionably admissible, unchallenged expert testimony showing that what Defendants say in this lawsuit is the opposite of what they said, under penalties of perjury, to the IRS before this lawsuit. Therefore, the Court should deny the Motion.

## II. ARGUMENT

### A. Cricut Strictly Complied With the Court's Amended Scheduling Order by Serving Mr. Donohoe's Disclosure Information on Defendants Both Before and On the September 1 Deadline.

Following Maschoff Brennan's witness tampering, the Court's Amended Scheduling Order instructed what the Court expected from Cricut regarding Cricut's disclosure of its replacement expert: "The deadline for Plaintiff to *serve* burden-of-proof expert *disclosures* and reports for any burden-of-proof replacement expert(s) is extended to September 1, 2023." *Amend. Sched. Order*, ECF 125 at 2 (emphases added). Under the federal and local rules, the only information required to be included in such expert disclosures is: (1) "the identity of any [expert] witness;" and (2) "the experts' subjects of expertise." Fed. R. Civ. P. 26(a)(2)(A); DUCivR 26-1(a)(2).

On July 18 and 19, 2023, immediately after retaining Mr. Donohoe, Cricut served on Defendants the name and full curriculum vitae of Cricut's replacement expert, Mr. Donohoe. *See* Exhibits 1–2. In other words, at least 44 days before the new disclosure deadline, Defendants indisputably received service of Mr. Donohoe's "identity" and all of his "subjects of expertise." *Id.* Cricut strictly complied with the Court's new disclosure service deadline—44 days early.

Then, on the new September 1, 2023 deadline, Cricut served Defendants with Mr. Donohoe's full report, which contains not just his expert opinions but again provides Defendants with Mr. Donohoe's "identity," his full curriculum vitae, and more information about his "subjects of expertise." *Motion* Ex. A at 1 to A-10. That is, Cricut again complied with the Court's replacement expert disclosure service deadline on the deadline itself. *Id.*

Therefore, Cricut strictly and fully complied with the Court's Amended Scheduling Order by serving on Defendants all required expert disclosure information regarding Mr. Donohoe, both 44 days before the new deadline and again on the deadline. For this indisputable reason alone, the Motion should be denied.

**B.      Defendants Received Full, Timely Disclosure, and Suffered No Prejudice.**

Defendants' Motion is based entirely on Cricut's November 13, 2023 *filing* with the Court of the disclosure Cricut previously *served* on Defendants nearly four months earlier, but which *filing* Defendants deem "untimely." *See Motion* at 1–4.

Notably, Cricut timely "filed" its expert disclosure of its original tax experts, and none of this would have been necessary but for Maschoff Brennan's witness tampering. ECF 100 at 2; *Sanctions Order*, ECF 186 at 7–8. Now Defendants' seek to profit from the chaos they caused.

More importantly, while the Court's Amended Scheduling Order gave Cricut a new deadline to "serve" its replacement expert disclosures (which Cricut did), that order was silent about "filing" such disclosures. *Amend. Sched. Order*, ECF 125 at 2. Cricut did not miss a deadline to "file" its replacement expert disclosures because it was not given a deadline to do so. Yet Defendants seek to punish Cricut for filing its disclosure on its own initiative.

Moreover, while the purpose of serving expert disclosures on opposing parties undoubtedly is to give opposing parties notice of the experts and their expertise (which Defendants received), the express and sole purpose of *filing* such expert disclosures is "[t]o allow the court to conduct a conflict check." DUCivR 26-1(a)(2). Therefore, as soon as Cricut realized the Court had not yet received notice of Cricut's replacement expert Mr. Donohoe, Cricut filed with the Court the disclosure of his identity and expertise to allow the Court to conduct its conflict check. *See* ECF 212. To date, the Court has not disclosed any conflict with Mr. Donohoe, and Cricut assumes that no such conflict exists. Therefore, there should be no prejudice to the Court from the November 13, 2023 disclosure to the Court of Mr. Donohoe.

And there similarly is no prejudice to Defendants from that November 13, 2023 filing of a disclosure that had been made to Defendants months earlier. Defendants fail to identify any prejudice to them.

That is because, even if the November 13, 2023 filing of the previously served disclosure could be considered a violation of an order that never was given, it was harmless. To avoid elevating form over substance in the face of technical but harmless violations, courts analyze: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt trial; and (4) the moving party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). Each of those elements weighs heavily in favor of Cricut and against Defendants.

First, given that Defendants' indisputably received timely service and disclosure of Mr. Donohoe's identity, expertise, and written opinions, and even deposed Mr. Donohoe about his expert opinions for as long as Defendants wanted, there is no possible prejudice or surprise to Defendants. *See, e.g.*, *Creech v. Stryker Corp.*, No. 2:07CV22, 2012 WL 33360, at *11 (D. Utah Jan. 6, 2012) (denying motion to strike for failure to disclose experts where failure was "harmless because the identities of [the experts] and their roles in the relevant events pertaining to this litigation have been the subject of numerous depositions"); *Livers v. Schenk*, No. 8:08CV107, 2013 WL 5676881, at *4 (D. Neb. Oct. 18, 2013) (concluding party not prejudiced by late expert disclosure filing where "[c]ounsel for all defendants received [the expert]'s expert report [timely] . . . and [expert] was deposed with all counsel present" prior to the close of expert discovery).

Second, even if Defendants somehow were prejudiced or surprised in some unexplained way by the *filing* of the disclosure after Defendants received timely *service* of it, Defendants had and exploited every opportunity to "cure" such prejudice. Again, Defendants admit they received timely disclosure of all of Mr. Donohoe's written opinions and then took a full, unrestricted deposition of Mr. Donohoe to question, explore, and develop those expert opinions. *See Motion* at 3.

Third, there is no chance that the November 13, 2023 filing of Mr. Donohoe's identity and expertise would disrupt trial in this case. Trial in this case has not been scheduled. ECF 162.

Fourth, Cricut at all times has acted in good faith, but this entire situation was caused exclusively by Defendants' counsel's "bad faith or willfulness." But for Maschoff Brennan's witness tampering with Cricut's original tax expert, Cricut would not have needed a replacement tax expert, Cricut would not have need to disclose that replacement expert, and Cricut would not have needed to file an amended expert disclosure with the Court to allow the Court to run its conflicts check anew.

Cricut's disclosure of Mr. Donohoe to Defendants was timely and proper. Cricut's later and voluntary filing of that disclosure with the Court gave the Court plenty of time and information to allow the Court to run its conflicts check. That filing did not prejudice the Court or Defendants in any way. In contrast, allowing Defendants to profit from their prior witness tampering would cause Cricut significant and irreparable harm. For this additional reason, the Court should deny the Motion.[1]

### C. Disclosing More Information Than Required In an Expert Disclosure Is Not a Basis to Strike the Disclosure.

Defendants also ask the Court to strike Cricut's Amended Disclosure of Mr. Donohoe based on Defendants' perception that the substantive disclosure of Mr. Donohoe's subjects of expertise contained therein purportedly do not align with the expert opinions Mr. Donohoe

---

[1] It is particularly odd that *Defendants* would seek to leverage a technicality to obtain an advantage over an expert. For example, the Court's Amended Scheduling Order clearly states that "[t]he deadline for all parties to serve non-burden expert disclosures and reports is extended to September 29, 2023." ECF 125 at 2. Defendants *never **filed** or **served*** any non-burden expert disclosures. *See generally*, Docket. Despite that total lack of *any* filed or served non-rebuttal disclosure, Defendants then served a rebuttal damages report from their expert Clarke Nelson. Defendants could argue that Cricut already knew about Mr. Nelson from previously-served disclosures, or that the Court got what it needed to do a conflicts check, but then Defendants would just be making Cricut's arguments.

disclosed to Defendants in his written report and deposition testimony. *See Motion* at 4. Defendants' argument is both false and not a basis to strike an expert disclosure.

First, as previously shown, expert *disclosures* are required to include only the testifying expert's "identity" and "subject[s] of expertise." Fed. R. Civ. P. 26(a)(2)(A); DUCivR 26-1(a)(2). There is no dispute Cricut's Amended Disclosure properly disclosed Mr. Donohoe's identity and areas of expertise. *See Motion* at 1–4; ECF 212.

Second, expert *disclosures* are not required to include any of the expert's substantive opinions or the scope of those opinions. *Id.* In other words, expert *disclosures* establish a minimum amount of information that must be disclosed to identify who experts will be, but there is no penalty for disclosing additional information beyond what is required to be in the *disclosure*. Defendants cite no authority, and Cricut knows of no authority, permitting an expert *disclosure* to be stricken because it discloses too much.

Third, the scope of what an expert may testify about at trial is governed not by the expert *disclosure* but by the actual opinions previously disclosed by the expert. Separate from the expert *disclosure*, testifying experts are required to disclose in advance the expert opinions they intend to offer at trial by serving on opposing parties written *reports* containing their opinions, and should the opposing parties request it, answering questions about their opinions at *deposition*. *See, e.g.*, Fed. R. Civ. P. 26(a)(2)(B); Fed. R. Civ. P. 26(b)(4)(A). Thus, in contrast to the limited information contained in the expert *disclosures*, the information and opinions disclosed in the testifying expert's *reports* and *deposition testimony* do define the scope of that expert's testimony at trial. *See, e.g.*, Fed. R. Civ. P. 26(a)(2)(A); DUCivR 26-1(a)(2); *Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013) ("questions asked at a deposition may expand the scope of the expert's testimony" (citing *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 646, 659 (N.D. Ill. 2006)); *nCube Corp. v. SeaChange Int'l, Inc.*, 809 F. Supp. 2d 337, 347 (D. Del.

2011) ("party had notice of the subject matter of the testimony based on the contents of the report and elaborations made during any deposition testimony").

Fourth, there is no discrepancy between Cricut's *disclosure* of Mr. Donohoe's subjects of expertise and Mr. Donohoe's disclosed opinions. In its first expert disclosure of its original tax expert, Cricut identified its original expert's areas of expertise as "personal and corporate accounting and taxation." ECF 100, at 2. In its Amended Disclosure of Mr. Donohoe, Cricut identified Mr. Donohoe's expertise nearly identically, saying he had expertise in "tax and accounting issues." ECF 212, at 2. Then, in his expert report and throughout his deposition testimony, Mr. Donohoe very clearly offered opinions relating to multiple "tax and accounting issues." *See, e.g.*, Motion Ex. A at 1-24; *Motion* Ex. B; **Exhibit 3**. There is no difference between Mr. Donohoe's disclosed subjects of expertise and his disclosed opinions. *Compare* ECF 212 at 2; *with Motion* Exs. A–B.

To the extent Defendants' concern is with the portion of the Amended Disclosure stating that Mr. Donohoe "may also respond to any opinions, testimony, or evidence offered by Defendants, Defendants' experts, or Defendants' witnesses regarding tax or accounting issues," Motion at 4, that concern lacks merit. Mr. Donohoe expressly reserved the right to do exactly that both in his written report and in his deposition testimony. *See, e.g.*, *Motion* Ex. A at 2 ¶ 6; Ex. 3 at 156:14–158:6. That is a common practice routinely permitted by Courts, as experts have both an obligation and a right to observe and respond to newly submitted evidence. Fed. R. Civ. P. 26(a)(2)(E); Fed. R. Civ. P. 26(e)(2); *Garcia v. Golden Eagle Exploration*, No. 2:07-CV-964, 2011 WL 32538, at *1 (D. Utah Jan. 5, 2011). Indeed, Defendants' own experts did exactly the same thing. *See, e.g.*, Ball Report, ECF 185-24, ¶ 3. And even if it were unnecessary or improper for Cricut's Amended Disclosure to state the obvious—that Cricut's expert will respond to Defendants' new evidence—that is not a basis to strike Cricut's disclosure, which is the only relief Defendants seek in this Motion.

Therefore, the Court should deny Defendants' Motion.

### III. CONCLUSION

Cricut strictly complied with the Court's Amended Schedule Order by serving its replacement expert's disclosures on Defendants both before and on the new deadline to do so. Cricut's later and voluntary filing of its Amended Expert Disclosure of its replacement tax expert to allow the Court to run its conflicts check was entirely proper and caused no harm or prejudice to anyone. Defendants fail to identify any basis to strike Cricut's Amended Expert Disclosure, which only would reward defense counsel's misconduct. Therefore, the Court should deny the Motion.

Respectfully submitted this 5th day of December, 2023.

        SNELL & WILMER, LLP

        */s/ Jeremy J. Stewart*
        Matthew L. Lalli
        Jeremy J. Stewart

        MCDERMOTT WILL & EMERY LLP
        David Tobin (pro hac vice)

        *Attorneys for Plaintiff Cricut, Inc.*

4869-6174-7861

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDED RULE 26(a)(2) DISCLOSURES [ECF 212]** to be served upon the counsel of record via the Court's CM/ECF system to the following:

| | |
|---|---|
| BROWN RUDNICK LLP<br>Ronald Rus (admitted *pro hac vice*)<br>rrus@brownrudnick.com<br>Leo J. Presiado (admitted *pro hac vice*)<br>lpresiado@brownrudnick.com<br>2211 Michelson Drive, 7th Floor<br>Irvine, California 92612<br>rrus@brownrudnick.com<br>lpresiado@brownrudnick.com | MASCHOFF BRENNAN<br>GILMORE & ISRAELSEN<br>Sterling A. Brennan<br>L. Rex Sears<br>111 South Main Street, Suite 600<br>Salt Lake City, UT 84111<br>sbrennan@mabr.com<br>rsears@mabr.com |

*Attorneys for Defendants and Counterclaimants ENOUGH FOR EVERYONE, INC. and DESIREE TANNER*

DATED: December 5, 2023.

/s/  Edela Irvin