UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CRICUT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENOUGH FOR EVERYONE, INC., a Nevada corporation; and DESIRÉE TANNER, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT FORM DISCOVERY MOTION RE: CONNORS' EXPERT DEPOSITION PREPARATION FEES (DOC. NO. 248)**<br><br>Case No. 2:21-cv-00601<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Cricut, Inc. filed a motion to compel Defendants Enough for Everyone, Inc. and Desirée Tanner to pay the deposition preparation fee of Cricut's expert, Matt H. Connors.[1] Cricut seeks payment of $10,842.50 for 36.1 hours of Mr. Connors' and his assistants' time spent preparing for, and attending, the deposition.[2] Defendants indicate they have tendered payment for the time Mr. Connors' spent attending the deposition, but they oppose paying for his preparation time.[3] Because Cricut has not shown Mr. Connors' preparation time is reasonable, and much of it may fairly be characterized as time spent on items other than responding to discovery, the motion is denied.

---

[1] (Cricut's Short Form Disc. Mot. Re: Connors' Expert Dep. Prep. Fees ("Mot."), Doc. No. 248.)

[2] (*See* Ex. A to Mot., Rocky Mountain Advisory Invoice, Doc. No. 248-1.)

[3] (Defs.' Opp'n to Cricut, Inc.'s Short Form Disc. Mot. Re: Expert Dep. Prep. Fees ("Opp'n"), Doc. No. 249.)

**DISCUSSION**

In support of its argument that Defendants should pay Mr. Connors' fee, Cricut relies on this court's prior order denying fees for another of Cricut's experts. Cricut asserts this court "signaled its intent to follow" jurisdictions which have ordered parties deposing an expert to pay for the cost of that expert's deposition preparation.[4] Cricut's argument can most charitably be described as an optimistic interpretation of this prior order. Yet two errors in Cricut's brief cannot be so easily overlooked.

First, Cricut asserts "[i]n this Circuit, the 'general practice is to require defendants to pay for at least some of the plaintiff's expert witnesses' time spent preparing for their deposition.'"[5] This is incorrect. Among other problems with this statement, the citation in Cricut's brief supporting this proposition is to a District of Kansas case, not a Tenth Circuit case. And this cited case only purports to state the general practice "[i]n this District" (of Kansas) and cites only to decisions from the District of Kansas to support the quoted proposition.[6] Thus, the case Cricut cites does not set forth the general practice in the Tenth Circuit.

Second, Cricut asserts this court's "earlier Order decided that, in this case, 'an expert's deposition preparation time is compensable.'"[7] This, likewise, is incorrect. Instead, this court merely noted that "[o]ther district courts in this circuit have concluded

---

[4] (Mot. 2, Doc. No. 248.)

[5] (*Id.* (quoting *Boos v. Prison Health Servs.*, 212 F.R.D. 578, 579 (D. Kan. 2002).)

[6] *Boos*, 212 F.R.D. at 579 & n.4.

[7] (Mot. 2, Doc. No. 248 (quoting Mem. Decision and Order Den. Pl.'s Short Form Disc. Mot. Re: Expert Dep. Prep. Fees ("Mauro Order") 3, Doc. No. 224).)

an expert's deposition preparation time is compensable."[8]  Importantly, this comment immediately followed an observation that some courts also "have concluded an expert's time spent preparing for a deposition is not compensable under this rule."[9]  In other words, while the court set forth these competing views, it did not decide which to apply—because Cricut's motion failed under either line of cases.

At its core, "[c]ompensation for time spent preparing for the deposition has proved a divisive issue."[10]  As discussed in this court's prior order, the Tenth Circuit has not addressed this issue[11] and district courts in this circuit are divided.[12]  Against this legal backdrop, Cricut has not shown it is entitled to the deposition preparation fees it requests.

> I.  <u>Cricut fails to show the fees are reasonable and related only to expert "time spent in responding to discovery."</u>

As Cricut notes, the court denied its earlier motion for expert preparation fees because the request included time spent conferring with counsel ahead of the deposition.[13]  In part, this stemmed from the fact that even jurisdictions which shift expert fees for deposition preparation exclude fees incurred for conferring with

---

[8] (Mauro Order 3, Doc. No. 224.)

[9] (*Id.* at 2–3.)

[10] Expert Witnesses—Fees of Expert Witnesses, 8A Fed. Prac. & Proc. Civ. § 2034 (3d ed.).

[11] See *Ellis v. United Airlines, Inc.*, 73 F.3d 999, 1011–12 (10th Cir. 1996) (affirming denial, on timeliness grounds, of request to shift fees charged by "expert witness for preparation, review, and travel" related to expert deposition).

[12] (Mauro Order 2–3, Doc. No. 224.)

[13] (Mot. 2, Doc. No. 248.)

counsel.[14]  Unfortunately, Cricut has become distracted from the fundamental questions at issue, which are defined by the text of the rule.

The text of Rule 26(b)(4)(E) states that "[u]nless manifest injustice would result," courts must require a party seeking discovery to "pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A)."[15]  Subsection (b)(4)(A) permits expert depositions.[16]  The division among courts as to whether the rule mandates fee shifting for an expert's deposition preparation time is unsurprising given the structure and language of Rule 26(b)(4)(E).  The rule mandates payment to experts: "the court must require that the party seeking discovery . . . pay the expert."[17]  Yet this mandate is followed by language indicating discretion; namely, that the expert be paid "a reasonable fee."[18]  The rule ends with language subject to interpretation: that the expert be paid "for time spent in responding to discovery under Rule 26(b)(A)(4)."[19]  Thus, the mandatory nature of the fee-shifting is somewhat incongruous with the discretionary and ambiguous language that follows.

---

[14] (Mauro Order 3, Doc. No. 224.)

[15] Fed. R. Civ. P. 26(b)(4)(E)(i).  The parties here do not contend "manifest injustice would result."  *Id.*  This omission is expected, given that the Advisory Committee Notes from 1970, when this rule was first adopted, indicate this language was intended to allow the court to "protect, when necessary and appropriate, the interests of an indigent party."  Accordingly, the "manifest injustice" portion of the rule is not examined further.

[16] Fed. R. Civ. P. 26(b)(4)(A).

[17] Fed. R. Civ. P. 26(b)(4)(E).

[18] *Id.*

[19] *Id.*

Cricut's motion raises two interesting questions under the rule: first, whether Mr. Connors' fee was "reasonable" and, second, whether Mr. Connors' bill reflects only "time spent in responding to discovery under Rule 26(b)(A)(4)." These are the fundamental questions governing whether an expert's deposition preparation time may be properly shifted under the rule. There appears to be no dispute that the five hours and fifteen minutes Mr. Connors spent being deposed represents "time spent in responding to discovery" and that his $375 hourly rate for deposition time is reasonable, because Defendants indicate they paid Mr. Connors $1,968.75 for this time.[20] On the other hand, Cricut fails to show the remainder of Mr. Connors' fee is reasonable, or represents "time spent in responding to discovery."

>     a. *Cricut's conclusory statement is insufficient to establish the reasonableness of the requested fee.*

Cricut's conclusory assertion that Mr. Connors' time was reasonably spent is insufficient to meet its initial burden to show its expert's fee was reasonable. "The party seeking reimbursement for the fee . . . bears the burden of establishing reasonableness."[21] And even courts that shift expert fees incurred for deposition preparation time are reluctant to shift fees when the ratio of preparation time to deposition time is three-to-one or greater.[22]

---

[20] (Opp'n 3, Doc. No. 249.)

[21] *Barnes v. District of Columbia*, 272 F.R.D. 135, 137 (D.D.C. 2011).

[22] *E.g., Collins v. Vill. of Woodridge*, 197 F.R.D. 354, 358 (N.D. Ill. 1999) (finding three-to-one ratio of preparation time to deposition time unreasonable); *LK Nutrition, LLC v. Premier Rsch. Labs, LP*, No. 12 CV 7905, 2015 U.S. Dist. LEXIS 94885, at *9 (N.D. Ill. July 21, 2015) (unpublished) ("Courts have approved of a 1:1 ratio up to a 3:1 ratio depending on the nature of the required document review, breadth of the expert's involvement, and difficulty of the issues."); *Pizzuto v. Blades*, No. 1:05-CV-516, 2011 U.S. Dist. LEXIS 74369, at *6 (D. Idaho July 9, 2011) (unpublished) (finding "over six

Here, Cricut fails to meet its initial burden to show Mr. Connors' fee is reasonable. Cricut's only attempt to do so consists of a single line in its motion asserting Mr. Connors' "time was reasonably spent, and Defendants have never argued otherwise."[23] This might not present a problem in circumstances where the requested fee appears reasonable on its face. But Mr. Connors' fee does not appear facially reasonable given the ratio of time spent in deposition preparation to time spent in the actual deposition. Mr. Connors and his assistants billed 30.85 hours for preparation and 5.25 hours of deposition time. In other words, Mr. Connors seeks compensation for a nearly six-to-one ratio of preparation-to-deposition time. As mentioned, even courts that shift expert fees for deposition preparation frequently refuse to shift fees exceeding a three-to-one ratio of preparation-to-deposition time. Where Mr. Connors' deposition preparation fee does not appear reasonable on its face and Cricut makes no effort to show reasonableness, fee-shifting is not warranted.

> b. Cricut does not address whether its expert's fee for preparation represents "time spent in responding to discovery."

Cricut's motion is also deficient because it fails to address whether Mr. Connors' fee for preparation time represents "time spent in responding to discovery." Defendants contend Mr. Connors' invoice contains time that appears to relate to trial or his initial

---

hours of preparation time per one hour of time spent testifying at the deposition—to be excessive"). While courts often award a reduced fee in such circumstances, Cricut's complete failure to address both reasonableness and whether the fees incurred represent "time spent in responding to discovery" negates the need to consider this approach. *See infra* Part I.b.

[23] (Mot. 3, Doc. No. 248.)

report rather than true deposition preparation.[24]  Even in jurisdictions allowing shifting of expert fees incurred for deposition preparation, courts are reluctant to shift fees when the so-called "preparation" consists of tasks more properly characterized as trial preparation or work related to the initial expert report.[25]  Fees incurred preparing the expert report are not subject to shifting because Rule 26(b)(2)(B), which requires that report, is not covered by subsection (b)(4)(E).[26]

Cricut neglects to discuss any of the items on Mr. Connors' invoice.  While there is little doubt that at least some of Mr. Connors' time was spent responding to discovery, it is incumbent on Cricut to explain and discuss this in the first instance.  Cricut's failure to do so leaves the court in the untenable position of guessing whether the time was truly "spent in responding to discovery" (rather than preparing for trial or improving the expert report).  This is problematic where, as Defendants point out, at least some of the time entries appear to include activities for which fee shifting is inappropriate.  For

---

[24] (Opp'n 2, Doc. No. 249 (citing *Benjamin v. Gloz*, 130 F.R.D. 455 (D. Colo. 1990); *Burdette v. Vigindustries Inc.*, No. 10-1083, 2011 U.S. Dist. LEXIS 147725 (D. Kan. Dec. 21, 2011)).)

[25] *See Pizzuto*, 2011 U.S. Dist. LEXIS 74369, at *6 (refusing to shift expert's fees for deposition preparation fees because the work was more properly "characterized as general trial preparation or needless duplication of previous work").

[26] *See* Fed. R. Civ. P. 26(b)(4)(E).  The Advisory Committee Notes indicate the requirement for a report under subsection (a)(2)(B) was intended to eliminate the need for expert depositions, or at least reduce their length.  Fed. R. Civ. P. 26 advisory committee's notes to 1993 amendment.  Even when the fee-shifting provision was adopted in 1970, and the rule allowed interrogatories of experts rather than requiring reports, the rule did not permit fee shifting for responding to interrogatories on the topics now covered by the expert-report requirement, such as: "the subject matter on which the expert is expected to testify, . . . the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion."  Fed. R. Civ. P. 26(b)(4)(A)(i) (1970).  Thus, expert fee shifting has never been permitted for the type of preliminary information that should be provided in a report.

example, Mr. Connors' invoice includes entries for preparing "binders for affirmative and rebuttal reports" and "locating missing documents."[27]  These entries appear to represent activities related to the initial expert report, which are not eligible for fee shifting. Overall, these deficiencies, coupled with Cricut's failure to address reasonableness, make any fee shifting (in excess of what Defendants have already paid) unjustified.

Finally, to prevent future confusion or overly optimistic interpretations: this court has not decided the portion of an expert's fee incurred for deposition preparation is, or is not, subject to fee shifting under Rule 26(b)(4)(E).  As before in this case, that question need not be answered because Cricut's motion fails, even assuming such fees are subject to shifting.

Accordingly, Cricut's motion[28] to compel Defendants to pay Mr. Connors' fee, insofar as it seeks to shift fees for deposition preparation, is denied.  The remainder of the motion is denied as moot given Defendants' prior $1,968.75 payment for Mr. Connors' time spent in deposition.

DATED this 10th day of April, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[27] (Ex. A to Mot., Rocky Mountain Advisory Invoice, Doc. No. 248-1.)

[28] (Doc. No. 248.)