IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRICUT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENOUGH FOR EVERYONE, INC., a Nevada corporation, and DESIRÉE TANNER, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR FEES RE: MOTION FOR SANCTIONS AND DENYING PLAINTIFF'S MOTION FOR AMENDED SANCTIONS AWARD<br><br>Case No. 2:21-CV-00601-TS-DAO<br><br>District Judge Ted Stewart |

The Court previously issued a Memorandum Decision and Order Granting Plaintiff's Motion for Sanctions ("Sanctions Order") and ordered Plaintiff to submit a formal affidavit detailing its costs and fees.[1] Plaintiff subsequently filed a Motion for Fees re: Motion for Sanctions[2] and a Motion for Amended Sanctions Award,[3] thereafter, the parties fully briefed the issue. For the reasons discussed below, the Court will grant Plaintiff's Motion for Attorney Fees and deny Plaintiff's Motion for Amended Sanctions Award.

I. BACKGROUND

This case involves unjust enrichment and other claims relating to a royalty agreement originally between Plaintiff Cricut, Inc. ("Cricut") (formerly known as "Provo Craft") and Defendant Desiree Tanner ("Tanner"), and later revised to be between Cricut and Defendant Enough for Everyone ("EFE") (collectively, "Defendants").

---

[1] Docket No. 186, at 8.
[2] Docket No. 189.
[3] Docket No. 206.

Plaintiff formally disclosed Tanner Co. and its employees Mr. Jeffrey Bickel, Dr. Nancy Voth, and Mr. Mark Madrian as expert witnesses on May 26, 2023.[4] Tanner Co. provided tax preparation and consulting services to Defendants' intellectual property counsel, Maschoff Brennan, for years prior to the instant case.[5] After a series of inappropriate communications between Maschoff Brennan and Tanner Co. that ultimately concluded with Tanner Co. withdrawing as expert witnesses for Plaintiff, Plaintiff moved for sanctions against Maschoff Brennan and the attorneys involved in communicating with Tanner Co. employees. On September 26, 2023, the Court granted Plaintiff's Motion for Sanctions and ordered sanctions against Maschoff Brennan and those attorneys involved in the communications with Tanner Co. The Court further ordered Plaintiff to submit "a formal affidavit detailing the costs and fees incurred by Tanner Co. and Plaintiff's counsel in furtherance of Tanner Co.'s expert engagement."[6]

Plaintiff subsequently filed a Motion for Attorney Fees re: Motion for Sanctions ("Fee Motion") on October 10, 2023, which detailed the amount of costs requested in the Court's September 26 Order.[7] Defendants responded on October 24, 2023.[8] Plaintiff filed both a reply in support of its Fee Motion and a Motion for Amended Sanctions Award ("Motion for Amended Sanctions") on November 7, 2023.[9] Plaintiff's Motion for Amended Sanctions asks that, if the Court does not grant its Motion for Attorney Fees in full, it be allowed to seek full compensation

---

[4] Docket No. 128-1.
[5] Docket No. 135, at 2.
[6] Docket No. 186, at 8.
[7] Docket No. 189.
[8] Docket No. 197.
[9] Docket Nos. 205 and 206.

2

for the amount of its burden, which it alleges will be much higher than the amount it is currently seeking.[10] Defendants responded opposing the Motion to Amend on November 21, 2023.[11] Plaintiff filed its reply on December 1, 2023.[12]

## II. DISCUSSION

The Court has already awarded sanctions against Maschoff Brennan pursuant to its inherent authority to impose sanctions.[13] The only matter left to determine is the reasonableness of the costs and fees requested by Plaintiff. In determining the reasonableness of the amount requested, the Court considers (1) what legal work was actually performed; (2) how much of the work performed was reasonably necessary to adequately prosecute or defend the matter; (3) whether the attorney's billing rate is consistent with the rates customarily charged in the locality for similar services; and (4) whether there are circumstances which require consideration of additional factors.[14]

Plaintiff's Fee Motion requests a sanction award against Maschoff Brennan in the amount of $47,257.41.[15] This amount includes $26,727.00 in Snell & Wilmer LLP's ("Snell & Wilmer") attorney fees and costs incurred by Cricut in furtherance of Tanner Co.'s expert engagement and $20,630.41 in costs and fees incurred by Tanner Co.[16] The amount requested is supported by two

---

[10] Docket No. 206, at 3.

[11] Docket No. 225.

[12] Docket No. 233.

[13] *Mellot v. MSN Commc'ns, Inc.*, 513 F. App'x 753, 754 (10th Cir. 2013) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)).

[14] *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1241–42 (10th Cir. 2018) (citation omitted).

[15] Docket No. 189, at 2.

[16] *Id.*

invoices from Tanner Co., fee and cost entries from Snell & Wilmer, travel receipts, and an affidavit from Plaintiff's counsel.[17]

Defendants object to Tanner Co.'s invoice in its entirety. Defendants spend a significant amount of time in their objection arguing that, despite the Court's Sanctions Order finding the contrary, Tanner Co. withdrew due to their own failure to conduct a conflict check, rather than the communications with Maschoff Brennan. Therefore, Defendants request that the Court grant permission for Maschoff Brennan to ask that Tanner Co. forego payment or otherwise negotiate payment terms with Tanner Co. due to its failure to conduct a conflict check.[18]

For the reasons stated in the September 26 Order, the Court determined sanctions to be appropriate in the amount equal to "the costs and fees incurred by Tanner Co. and Plaintiff's counsel in furtherance of Tanner Co.'s expert engagement." It will not now revisit the issue, nor will it allow Maschoff Brennan the opportunity to attempt to negotiate a reduced rate with Tanner Co. Instead, it will proceed to evaluate Plaintiff's submissions.

Defendants also object to ten entries from Plaintiff's affidavit, totaling $2,625.20 of the requested $26,727.00 in attorney fees generated by Snell & Wilmer.[19] These entries are for work done to strategize and compile tax-related documents to send to the expert witness.[20] Defendants argue that the work detailed in these entries is work that had to be done only once, regardless of the expert.[21] Plaintiff does not dispute this point, but argues the fees should be awarded because they are in the scope of "the costs and fees incurred by . . . Plaintiff's counsel in furtherance of

---

[17] Dockets No. 190-1, 190-2, 190-3, 190-4.

[18] Docket No. 197, at 5–6.

[19] *Id.* at 2–3.

[20] *Id.*

[21] *Id.* at 3.

Tanner Co.'s expert engagement."[22] Because it is undisputed that these fees were incurred as a result of general expert witness preparation and not due to Tanner Co.'s engagement specifically, the Court will disallow them.

Finally, Defendants argue that the invoice Plaintiff submitted from Tanner Co. is insufficient to support an award of costs and fees incurred by Tanner Co. Having carefully reviewed the relevant invoice, email, and supporting affidavit,[23] the Court disagrees with Defendants' assessment and finds Plaintiff has sufficiently supported the sanctions award. Accordingly, the Court will allow the requested $20,630.41.

In its Reply and Motion for Amended Sanctions Award, Plaintiff alleges that it "now knows" that the full burden caused by Maschoff Brennan's misconduct "will be hundreds of thousands of dollars more than the amount . . . sought" in Plaintiff's original Fee Motion because the experts retained to replace Tanner Co. are significantly more expensive.[24] Plaintiff then gives the Court an ultimatum:

> [I]f the Court awards [the] full amount [requested in the original Fee Motion], [it] will withdraw this Motion and live with the sanctions amount it originally requested. But, if the Court does not award that full amount, the Court should grant this Motion so that the sanction award against Maschoff Brennan will not be solely for the small amount originally sought but full compensation for the full amount of the burden Cricut incurred by Maschoff Brennan's wrongdoing, which Cricut will evidence by separate fee affidavit.[25]

As stated, and as acknowledged by Plaintiff, the Court determined sanctions to be appropriate in the amount equal to "the costs and fees incurred by Tanner Co. and Plaintiff's

---

[22] Docket No. 205, at 3 (citing Docket No. 186, at 8).

[23] *See* Docket No. 190

[24] Docket No. 206, at 3.

[25] *Id.* at 3–4.

counsel in furtherance of Tanner Co.'s expert engagement."[26] The Court did so because this is what Plaintiff requested. Plaintiff made the point of requesting "only modest sanctions."[27] While the Court is certainly sympathetic to Plaintiff's arguments, the Court did not award, as Plaintiff suggests, "full compensation for the full amount of the burden Cricut incurred by Maschoff Brennan's wrongdoing." Accordingly, the "hundreds of thousands of dollars" in fees discussed in the Motion for Amended Sanctions fall outside of the scope of the sanction awarded by the Court. Accordingly, the Court will deny Plaintiff's Motion for Amended Sanctions Award.

For the reasons stated in the above analysis, and upon consideration of the reasonableness factors set forth above, the Court will award Plaintiff costs in the amount of $44,632.21. Those sanctions are to be paid directly by Maschoff Brennan and may not be passed along to their clients.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Fees is GRANTED in part. It is further

ORDERED that Plaintiff is awarded costs in the amount of $44,632.21. It is further

ORDERED that Plaintiff's Motion for Amended Sanctions Award (Docket No. 206) is DENIED.

DATED September 26, 2024.

BY THE COURT:

TED STEWART
United States District Judge

---

[26] Docket No. 186, at 2.
[27] Docket No. 128, at 10.