IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRICUT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENOUGH FOR EVERYONE, INC., a Nevada corporation, and DESIRÉE TANNER, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO CERTIFY SUMMARY JUDGMENT RULING FOR INTERLOCUTORY APPEAL<br><br>Case No. 2:21-cv-00601-TS-DAO<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

This matter is before the Court on a Motion to Certify Summary Judgment Ruling for Interlocutory Appeal brought by Defendants Enough for Everyone, Inc. ("EFE"), and Desiree Tanner. For the reasons described below, the Court will deny the Motion.

I. BACKGROUND

In 2005, Cricut and Tanner entered into an agreement (the "2005 Agreement") wherein Cricut agreed to pay Tanner royalties on the revenue earned from specified products in exchange for Tanner's intellectual property rights. In 2007, Cricut, Tanner, and EFE entered into a new agreement (the "2007 Agreement"), which superseded the 2005 Agreement. This case involves unjust enrichment and other claims relating to the parties' agreements.

On September 21, 2023, the Parties filed cross motions for partial summary judgment. Cricut's motion sought declaratory judgment that, under the *Brulotte* Rule,[1] "Cricut owes no

---

[1] *See Brulotte v. Thys Co.*, 379 U.S. 29 (1964).

royalty payments under the 2007 Agreement on any revenues earned after May 29, 2021" among other things.[2] In opposition, Defendants argued that the royalties provided for in the 2007 Agreement were meant to be paid based on the branding of the products rather than in exchange for the transfer of patent rights to Cricut, so the *Brulotte* Rule did not preclude royalty payments passed the patents' expiration.

Upon analyzing *Brulotte* and its progeny, along with the parties' agreements, the Court issued an Order finding that the 2007 Agreement was a "hybrid agreement," which covered both patented and non-patented rights.[3] However, because the 2007 Agreement did not "distinguish the royalty rates received by EFE after the design patents expire,"[4] the Court concluded that the *Brulotte* rule was applicable and granted summary judgment in favor of Cricut on the issue.[5] Defendants now motion the Court to amend its Order to include a statement certifying the issue of the *Brulotte* Rule's applicability for interlocutory appeal under 28 U.S.C. § 1292(b).[6]

## II.  DISCUSSION

Under 28 U.S.C. § 1292(b), district courts may certify an order for interlocutory appeal if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order

---

[2] Docket No. 184, at 36.

[3] Docket No. 261, at 10.

[4] *Id.*

[5] *See generally id.* at 6–11.

[6] *See Chamberlain v. Crown Asset Mgmt.*, 622 F. Supp. 3d 1068, 1071 (D. Utah 2022) ("If the order was initially silent about appealability, the court can later certify its order by amending it.") (citing Fed. R. App. P. 5(a)).

may materially advance the ultimate termination of the litigation." "The proponent of an interlocutory appeal bears the burden of establishing that all three of [§ 1292(b)'s] substantive criteria are met."[7]

While district courts are granted broad discretion in deciding when to certify an order for interlocutory appeal, the "enlargement of the right to appeal should be limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action."[8] The Court is not persuaded such an "extraordinary" case exists here.[9]

First, "[t]he phrase 'question of law' as used in 28 U.S.C. § 1292(b) does not refer to a particular application of facts to the law, but rather 'has reference to a question of the meaning of

---

[7] *Freedom Transp., Inc. v. Navistar Int'l Corp.*, No. 2:18-CV-02602-JAR-KGG, 2020 WL 108670, at *2 (D. Kan. Jan. 9, 2020).

[8] *State of Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citation omitted).

[9] Defendants suggest that any appeal would likely be directed to the Federal Circuit, however neither party addressed whether Tenth Circuit or Federal Circuit law controls with respect to the certification standard under 28 U.S.C. § 1292(b). The Federal Circuit "review[s] procedural matters, that are not unique to patent issues, under the law of the particular regional circuit court where appeals from the district court would normally lie." *Lab'y Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1330 (Fed. Cir. 2004). Here, certifying an order for appeal under § 1292(b) does not seem to involve consideration of any unique patent issues, therefore, the law of the Tenth Circuit would apply. Regardless of which circuit the Court looks to, however, the relevant guidance leads to the same conclusion. *See e.g., Fujitsu Ltd. v. Tellabs, Inc.*, 539 F. App'x 1005, 1006 (Fed. Cir. 2013) ("[A]ppellate courts should only grant interlocutory appeals under rare circumstances."); *Green Edge Enters., LLC v. Rubber Mulch Etc., LLC*, 450 F. App'x 978, 980 (Fed. Cir. 2011) (finding that an interlocutory appeal would not advance ultimate termination of the litigation "because whatever the outcome this matter would have to go back to the district court for trial").

a statutory or constitutional provision, regulation, or common law doctrine.'"[10] "Consequently, for the purposes of 28 U.S.C. § 1292(b), district courts should certify questions when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation."[11] The issue Defendants seek premature review of is whether this Court properly applied well-established law to the specific facts of the case, namely whether the undisputed facts of the case establish that the royalties contemplated in the 2007 agreement are subject to the *Brulotte* Rule.[12] This is not the type of "pure question of law [that] the court of appeals could decide quickly and cleanly without having to study the record" as contemplated by § 1292(b).[13] Defendants have therefore failed to present "a controlling question of law as to which there is substantial ground for difference of opinion."[14]

---

[10] *Certain Underwriters at Lloyd's, London, Subscribing To Policy Number 501/NM03ACMB v. Nance*, No. CIV 04–937 JB/WDS, 2006 WL 4109675, at *3 (D.N.M. 2006) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)).

[11] *In re Richard D. Van Lunen Charitable Found.*, No. 22-cv-02309-REB, 2023 WL 4706758, at *3 (D. Colo. July 24, 2023).

[12] *See Ahrenholz*, 219 F.3d at 677 ("[T]o decide whether summary judgment was properly granted requires hunting through the record compiled in the summary judgment proceeding to see whether there may be a genuine issue of material fact lurking there; and to decide a question of contract interpretation may require immersion in what may be a long, detailed, and obscure contract."); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) ("The term 'question of law' does not mean the application of settled law to fact. It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact.") (citation omitted).

[13] *Ahrenholz*, 219 F.3d at 677; *see also McFarlin*, 381 F.3d at 1258 ("[W]hat the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of pure law, matters the court of appeals can decide quickly and cleanly without having to study the record.") (internal quotation marks and citation omitted).

[14] 28 U.S.C. § 1292(b); *see also In re Richard D. Van Lunen Charitable Found.*, 2023 WL 4706758, at *4 ("The ability to show a substantial ground for difference of opinion depends

Even if Defendants were successful on the first two elements, Defendants Motion would fail upon consideration of the final element. To show that resolution of the appeal would materially advance the ultimate termination of the litigation, the appeal must "(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly."[15] Defendants argue that their success on the requested interlocutory appeal would mean that "summary judgment was given to the wrong party."[16] They further acknowledge that there are issues that must be tried regardless of the outcome of the summary judgment motion.[17] Therefore, it is undisputed that an interlocutory appeal would neither eliminate the need for trial nor simplify issues for trial. Additionally, this case is well-passed the point where interlocutory appeal would eliminate issues to make discovery easier and less costly. The parties have conducted extensive discovery, briefed many motions—both dispositive and non-dispositive, participated in a settlement conference, and have represented that they intend to go to trial on the issues that survived summary judgement. Accordingly, this not a case where an interlocutory order could avoid "extended and expensive proceedings." Because Defendants cannot demonstrate any of the requisite elements to justify the "rare and extreme" measure of certifying an order for interlocutory appeal, the Court will deny the Motion.

---

on proof of a controlling issue of law.") (citing *Pack v. Investools, Inc.*, No. 2:09-cv-1042-TS, 2011 WL 2161098 at *2 (D. Utah June 1, 2011)).

[15] *United States v. Intermountain Healthcare, Inc.*, No. 2:20-CV-00372-TC-CMR, 2022 WL 742693, at *1 (D. Utah Mar. 11, 2022) (quoting *XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1194 (D.N.M. 2016)).

[16] Docket No. 263, at 5.

[17] Docket No. 266, at 10.

## III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Certify Summary Judgment Ruling for Interlocutory Appeal (Docket No. 263) is DENIED.

DATED this 24th day of February, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge