IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRICUT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENOUGH FOR EVERYONE, INC., a Nevada corporation, and DESIRÉE TANNER, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO CLARIFY OR RECONSIDER<br><br>Case No. 2:21-cv-00601-TS-DAO<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

This matter is before the Court on Plaintiff Cricut, Inc's Motion to Clarify or Reconsider the Court's Order excluding certain opinions of Plaintiff's expert, Charles L. Mauro. For the reasons discussed herein, the Court will grant the Motion in part.

I. BACKGROUND

On September 26, 2024, following a motion to exclude brought by Defendants Enough for Everyone ("EFE") and Desiree Tanner, the Court entered an Order excluding Opinion 2 and Opinion 3 of Cricut's expert, Charles L. Mauro, among other things.[1] The Court found Mauro's Opinions 2 and 3 were no longer relevant based on the Court granting partial summary judgement to Cricut on related issues. The Court did not make any findings as to either opinion's admissibility under Fed. R. Evid. 702. Circuit now seeks clarification or reconsideration from the Court finding that Opinion 2 was excluded as moot, and Opinion 3 is relevant and therefore admissible.

---

[1] Docket No. 274.

1

## II.  DISCUSSION

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[2] "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[3]

Cricut argues that Opinion 2 would be better excluded as "moot" than as irrelevant because the Court did not find any of Mauro's opinions to be deficient under Rule 702. Cricut seeks clarification on this point to avoid any negative consequences for Mauro. This does not present an issue warranting reconsideration. However, to the extent it is necessary, the Court clarifies that the Court did not analyze the sufficiency of Mauro's Opinion 2 under Rule 702, and the irrelevance finding was based on a change in the relevant facts, not an evaluation of Mauro's expertise or testimony on this point.

Cricut next argues that Opinion 3 should not be excluded because it is relevant to some of the remaining issues between the parties. Cricut states that, "[t]he Court's exclusion of Opinion 3 was predicated on the Court's understanding of Cricut's own briefing, that Mauro's Opinion 3 would be relevant only if the *Brulotte* rule did not apply."[4] However, Cricut now states that it should have more clearly explained that Opinion 3 is relevant to all of Cricut's remaining claims for declaratory judgment.

---

[2] *F.D.I.C. v. Heaton*, No. 2:13-CV-219 TS, 2014 WL 4415377, at *1 (D. Utah Sept. 8, 2014) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[3] *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012).

[4] Docket No. 275, at 2 (citing Docket No. 274, at 13).

Section 3.3 of the 2007 Agreement requires Cricut to pay royalties on Cricut-branded cartridges and cartridges that have "the same fit, form, or function." At some point, Cricut began using digital downloads instead of physical cartridges. The parties dispute whether Cricut owed royalties for the digital downloads under the terms of the 2007 Agreement. In his Opinion 3, Mauro opines that digital downloads do not having the same "fit, form, or function" as "cartridges." The Court agrees with Cricut that this opinion is relevant to Cricut's remaining claims, which seek return of alleged overpaid royalties. Whether the royalties were owed is dependent in part upon whether digital downloads used by Cricut are the same "fit, form, or function" as "cartridges" for which Defendants were owed royalties. In the Court's Summary Judgment Order, it concluded that royalties were not owed past the expiration of the patents. However, Cricut contends that some royalties were overpaid before the expiration of the patent. The testimony is, therefore, relevant, and the Court finds that reconsideration is appropriate here to correct a clear error. Notably, Defendants do not dispute the relevance of Opinion 3, but instead argue the Motion was brought too late and that Cricut should have argued its relevance previously in response to Defendants' motion to exclude. The Court is not persuaded such deficiencies prevent the Court from correcting an order well before trial.[5]

Having found Opinion 3 to be relevant, the Court must then determine if it is otherwise admissible. Federal Rule of Evidence 702 allows an expert to testify if the Court finds by a preponderance of the evidence that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

---

[5] See Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

  (b) the testimony is based on sufficient facts or data;
  (c) the testimony is the product of reliable principles and methods; and
  (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.[6]

Rule 702 "'imposes upon the trial judge an important gate-keeping function with regard to the admissibility of expert opinions.'"[7] This involves a two-step analysis.[8] The district court "must first determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion."[9] Second, "the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology."[10] "'To be reliable, expert testimony must be based on actual knowledge, and not mere subjective belief or unsupported speculation.'"[11]

The standard under Rule 702 is "liberal . . . regarding expert qualifications,"[12] and "rejection of expert testimony is the exception rather than the rule."[13] However, "[t]he proponent of expert testimony bears the burden of showing that the testimony is admissible."[14]

---

[6] Fed. R. Evid. 702.

[7] *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1307 (10th Cir. 2015) (quoting *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001)); *see generally Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993).

[8] *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc).

[9] *Id.* (quoting Fed. R. Evid. 702).

[10] *Id.* (citing *United States v. Rodriguez–Felix,* 450 F. 3d 1117, 1123 (10th Cir. 2006)).

[11] *Pioneer Ctrs Holding Co. Emp. Stock Ownership Plan & Tr. v. Alerus Fin., N.A.*, 858 F.3d 1324, 1341–42 (10th Cir. 2017) (quoting *Mitchell v. Gencorp., Inc.*, 165 F.3d 778, 780 (10th Cir. 1999)).

[12] *Fowers Fruit Ranch, LLC v. Bio Tech Nutrients, LLC*, No. 2:11-cv-00105-TC, 2015 WL 2201715, at *1 (D. Utah May 11, 2015) (quoting *United States v. Gomez,* 67 F.3d 1515, 1526 (10th Cir. 1995)).

[13] Fed. R. Evid. 702 advisory committee's notes to 2000 amendments.

[14] *Fowers Fruit Ranch*, 2015 WL 2201715, at *1 (quoting *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013)).

As this Court noted in its Order granting in part Defendants' motion to exclude Mauro's testimony:

> Defendants move the Court to exclude Mauro's expert report in its entirety and portions of his declaration. While Defendants contend that "[t]he sheer scope of Mauro's opinion calls into question his qualification to render any of them," they do not contest his qualifications to testify as an expert generally. Therefore, . . . the Court need only "determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology."[15]

First, Defendants argue that Mauro's testimony about how the term "cartridge" was used in the design industry should be excluded because Cricut has failed to show a "connection between Mauro's HP and Fuji Film experience . . . and the mindset of the crafters who negotiated the 2007 Agreement."[16] Therefore, they argue that Opinion 3 is not based on sufficient facts and is not a product of reliable principles.

Second, Defendants argue that Mauro should be excluded from testifying that the phrase "fit, form, and function" is a term of art because the contract states "fit, form, *or* function," and is therefore not the same.[17] They further argue that Mauro will testify that this term has been used in certain industries and for certain purposes that do not align with the 2007 Agreement, and that Mauro's opinion about the term "function" is "contrary to documentary evidence of industry usage."[18]

"Under Rule 702, a district court must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess

---

[15] Docket No. 274, at 9 (quoting *Nacchio*, 555 F.3d at 1241).

[16] Docket No. 221, at 8 (citations omitted).

[17] *Id.*

[18] *Id.* at 9.

5

such testimony."[19] However, "[a]t the Rule 702 gatekeeping stage, district courts must avoid weighing the credibility or persuasiveness of the competing experts' ultimate conclusions."[20]

Mauro's Opinion 3 appears sufficiently grounded in his expertise and professional experience to satisfy the reliability requirement. Further, the Court finds that his perspective on the meaning of the terms "cartridges" and "form, fit, and function" will meaningfully assist the jurors. That Mauro does not know the mindset of the 2007 Agreement drafters, that his opinions regarding a term may not perfectly align with the facts of this case, and that his opinions may be contradicted by other sources of expertise or authority are not sufficient reasons to exclude his testimony. Instead, these purported deficiencies are "traditional[ly] and appropriate[ly]" addressed by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."[21]

Finally, Defendants argue that Mauro's testimony as to fit and form is irrelevant because Defendants dispute only whether the "function" of the cartridges is the same as the digital downloads. As stated, the 2007 Agreement states that Defendants are owed royalties for cartridges that have the same "fit, form, or function" as Cricut-branded cartridges. Mauro opines that, based on his experience, "fit, form, and function" is a term of art and has the same meaning as "fit, form, or function."[22] The Court has found that expert testimony on the disputed terms of the 2007 agreement would be helpful to the jury. Therefore, the Court finds this opinion is relevant.

---

[19] *Rodriguez–Felix,* 450 F. 3d at 1122–23 (citing Fed. R. Evid. 702).

[20] *Heer v. Costco Wholesale Corp.*, 589 F. App'x 854, 862 (10th Cir. 2014) (citation omitted).

[21] *Daubert*, 509 U.S. at 596.

[22] *See* Docket No. 221, Ex C., at 156:17–157:21.

Based on the above analysis, the Court finds Mauro's testimony to be relevant and otherwise admissible under Rule 702.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Clarify or Reconsider (Docket No. 275) is GRANTED IN PART.

DATED this 24th day of February, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge