IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRICUT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENOUGH FOR EVERYONE, INC., a Nevada corporation, and DESIRÉE TANNER, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION VACATE JURY DEMAND<br><br>Case No. 2:21-cv-00601-TS-DAO<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

This matter is before the Court on a Motion to Vacate Jury Demand[1] brought by Plaintiff Cricut, Inc. For the reasons described below, the Court will grant the Motion.

I. BACKGROUND

In 2005, Cricut and Defendant Desiree Tanner entered into an agreement wherein Cricut agreed to pay Tanner royalties on the revenue earned from specified products in exchange for Tanner's intellectual property rights. In 2007, Cricut, Tanner, and Defendant Enough for Everyone ("EFE") entered into a new agreement, which superseded the 2005 Agreement. This case involves unjust enrichment and other claims relating to the parties' agreements.

On September 21, 2023, the parties filed cross motions for partial summary judgment. The Court issued an order granting Plaintiff's motion and denying Defendants' motion on June 5, 2024. The issues remaining for determination are: Plaintiff's claims for (1) declaratory judgment, (2) unjust enrichment, (3) money had and received, and (4) overpayment/recoupment

---

[1] Docket No. 300.

of payment; and Defendants' counterclaims for (1) breach of contract and breach of the implied covenant of good faith and fair dealing, and (2) an accounting of damages. Additionally, in the event Plaintiff is successful on its claims, Plaintiff seeks an alter ego remedy to pierce the corporate veil and hold Tanner personally accountable for EFE's debts and obligations.

The parties appear to agree to a bench trial to resolve all remaining claims and issues except that Defendants request and assert a right to a jury trial as to Plaintiff's alter ego remedy. Plaintiff argues that Defendants are not entitled to a jury trial on their alter ego claim and a bench trial should be held to resolve all issues.

## II.  DISCUSSION

"Under the Seventh Amendment, jury trials are required only for 'suits at common law.'"[2] The Supreme Court has "consistently interpreted the phrase '[s]uits at common law' to refer to 'suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.'"[3] In determining whether a claim is legal or equitable, courts apply the following two-pronged test established by the Supreme Court:

> First, [courts] compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, [courts] examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first.[4]

---

[2] *Asphalt Trader Ltd. v. Beall*, No. 22-4085, 2024 WL 698313, at *6 (10th Cir. Feb. 21, 2024) (unpublished) (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 40–41 (1989)).

[3] *Granfinanciera*, 492 U.S. at 41 (quoting *Parsons v. Bedford,* 3 Pet. 433, 447, 7 L.Ed. 732 (1830)).

[4] *Id.* at 42 (quoting *Tull v. United States,* 481 U.S. 412, 417–418, 421 (1987)).

Courts generally agree that, in considering the first prong of the analysis, it is unclear whether an action seeking to pierce the corporate veil would have been brought in courts of England prior to the merger of court of law and equity.[5] Therefore, the Court must rely on the second prong of the inquiry: whether piecing the corporate veil under an alter ego theory is a remedy that is legal or equitable in nature.

Plaintiff cites to the Seventh Circuit's opinion in *International Financial Services Corp. v. Chromas Technologies*, wherein the Seventh Circuit determined that, under Illinois state law, piercing the corporate veil under an alter ego theory was an equitable remedy. Defendants respond that Plaintiff's reliance on *Chromas* is improper because *Chromas* analyzed Illinois and not Utah law, and because *Chromas* represents an outlier among the circuit courts to have considered whether an alter ego remedy is equitable or legal.[6]

Notably, the difference in the more recent circuit court opinions addressing whether alter ego is a legal or equitable remedy appears attributable to the corporate veil piercing laws of the

---

[5] *Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc.*, 356 F.3d 731, 736 (7th Cir. 2004) ("[S]uch an inquiry is inconclusive . . . the doctrine of piercing the corporate veil has roots in both courts of law and equity. This conclusion is unsurprising, because most traditional issues have roots in both courts of law and equity."); *Wm. Passalacqua Builders, Inc. v. Resnick Devs. S., Inc.*, 933 F.2d 131, 135 (2d Cir. 1991) ("Applying this analysis is difficult because courts and commentators rarely address the historic origins of the piercing doctrine at length. Some believe its origin is equitable. . . . Other courts conclude disregarding the corporate form is of legal origin or so touches on the determination of legal issues that it is for the jury to decide.") (collecting cases); *Star Mountain Plan Tr. v. Titan Mining (US) Corp.*, No. CV-22-01389-PHX-GMS, 2023 WL 2355916, at *4 (D. Ariz. Feb. 3, 2023) ("[A]n examination of whether the historical nature of piercing the corporate veil was legal or equitable is inconclusive.").

[6] Docket No. 304, at 5 (citing *Marchan v. John Miller Farms, Inc.*, 352 F. Supp. 3d 938, 944–45 (D. N.D. 2018)).

relevant state.[7] Therefore, in determining whether the alter ego remedy at issue is legal or equitable in nature for the instant case, the Court must look to the relevant laws of Utah.

> Utah employs a two-part test for alter-ego claims: (1) there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, viz., the corporation is, in fact, the alter ego of one or a few individuals; and (2) the observance of the corporate form would sanction a fraud, promote injustice, or an inequitable result would follow.[8]

The first prong of Utah's alter-ego test is "the formalities requirement," which requires analysis of seven nonexclusive factors.[9] The second prong is "the fairness requirement," which considers "the availability of an adequate remedy at law to prevent irreparable harm to the plaintiff . . . and the potential for adverse impacts on third parties."[10] In explaining the second prong under Utah case law, the Tenth Circuit explained that, "[b]ecause *an alter-ego claim is equitable*, a plaintiff 'must establish . . . that veil piercing is necessary to avoid an injustice (or in other words that the plaintiff lacks an adequate remedy at law).'"[11] The Tenth Circuit went on to

---

[7] *See Chromas Techs.*, 356 F.3d at 736–37 ("Although we conclude that, under Illinois law, piercing the corporate veil is an equitable remedy to be determined by the court, this conclusion might not be reached under the law of another state."); *Passalacqua Builders,* 933 F.2d at 135 (finding piercing the corporate veil was a legal remedy under New York law, which requires a finding that "the defendant must have used the corporation to perpetrate a fraud or have so dominated and disregarded the corporation's corporate form that the corporation primarily transacted the defendant's personal business rather than it's own corporate business," but does not, as Utah does, require a finding of inequity).

[8] *Asphalt Trader*, 2024 WL 698313, at *4 (citing *Norman v. Murray First Thrift & Loan Co.*, 596 P.2d 1028, 1030 (Utah 1979)).

[9] *Jones & Trevor Mktg., Inc. v. Lowry*, 284 P.3d 630, 635 (Utah 2012).

[10] *M.J. v. Wisan*, 2016 UT 13, ¶ 75, 371 P.3d 21 (internal quotation marks and citation omitted).

[11] *Asphalt Trader,* 2024 WL 698313, at *4 (quoting *M.J.*, 371 P.3d at 36) (emphasis added).

explain that the plaintiff "needed to plead and prove the inadequacy of legal remedies to prevail on the alter-ego claim" because "[t]o state an equitable claim, Utah requires plaintiffs to 'affirmatively show a lack of an adequate remedy at law on the face of the pleading.'"[12]

In explaining a district court's role on an alter ego determination, Utah courts have held that the fairness requirement is appropriately addressed by "the conscience of the court" and not the jury.[13] Further, Utah courts explain that in making a fairness determination under the second prong of the alter ego analysis, "[a] trial court is accorded considerable latitude and discretion in applying and formulating an equitable remedy, and will not be overturned unless it has abused its discretion."[14] Based on the above described case law, the Court concludes that piercing the corporate veil using an alter-ego theory under Utah law is equitable in nature. Therefore, neither party is entitled to a jury trial on the issue under the Seventh Amendment.

This finding is supported by the Seventh Circuit's finding in *Chromas*, wherein the circuit court analyzed an Illinois law substantively similar to the Utah law quoted above.[15] Most relevant to the analysis here, the Illinois law required proof that "adhering to the fiction of a

---

[12] *Id.* (quoting *Thorpe v. Washington City*, 2010 UT App 297, ¶ 28, 243 P.3d 500).

[13] *Jones & Trevor,* 2012 UT 39, ¶ 14.

[14] *Com. Club Bldg. LLC v. Glob. Rescue LLC*, 2023 UT App 37, ¶ 25, 529 P.3d 382(citing *Ockey v. Lehmer*, 2008 UT 37, ¶ 42, 189 P.3d 51).

[15] *Chromas*, 356 F.3d at 736 ("Under the law of Illinois, a party seeking to disregard the corporate entity because the targeted corporation is merely the alter ego of the dominating personality must show that (1) there is such a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) circumstances are such that adhering to the fiction of a separate corporate existence would promote *injustice or inequity*.") (internal quotation marks and citation omitted).

separate corporate existence would promote injustice or inequity."[16] The Seventh Circuit determined that, because "piercing of the corporate veil on an alter ego theory is available only where failing to provide such relief would promote injustice or inequity" and because "veil-piercing under Illinois law is a matter of discretion, not of right, and that the remedy of piercing the corporate veil does not itself result in money damages," piercing the corporate veil under an alter-ego theory was an equitable remedy.[17]

While the Court recognizes that it could empanel a jury during the course of the trial to make findings of fact in relation to the formalities requirement, the Court declines to do so. Both parties acknowledge that, depending on the Court's findings regarding Plaintiff's remaining claims, the alter ego issue may not require determination, and the Court wishes to avoid unnecessary waste of the juror's time and of government resources.

In their Response,[18] Defendants asserted a right to a jury trial on the alter ego issue only. They did not dispute Plaintiff's assertion that Defendants agreed to a bench trial on all remaining claims in this case. Accordingly, the Court finds that Defendants have agreed to a bench trial on the parties' remaining claims and have, therefore, waived any right to a jury trial moving forward. The Court will conduct a bench trial on all claims and issues remaining in this case beginning on July 14, 2025, as currently scheduled.

---

[16] *Id.* (internal quotation marks and citation omitted).

[17] *Id.* at 737.

[18] Docket No. 304.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Vacate Jury Demand (Docket No. 300) is GRANTED.

DATED this 26th day of June, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge