IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRICUT, | |
| Plaintiff(s), | BENCH TRIAL ORDER |
| vs. | |
| ENOUGH FOR EVERYONE, et al | Civil No. 2:21cv00601 TS |
| Defendant(s). | |

The final pretrial conference in this matter is scheduled for July 1, 2025 at 10:00 a.m.

This case is set for a 5-day bench trial to begin on July 14, 2025 at 8:30 a.m..

Counsel are instructed as follows:

## 1. Court-Imposed Deadlines

The deadlines described in this order cannot be modified or waived in any way by a stipulation of the parties. Any party that believes an extension of time is necessary **must** make an appropriate motion to the Court.

## 2. Pretrial Order

At the pretrial conference, Plaintiff is to file a joint proposed pretrial order which has been approved by all counsel. The pretrial order should conform generally to the pretrial order that is available on the United States District Court for the District of Utah website at https://www.utd.uscourts.gov/forms/all-forms.
In addition to the provisions in the final pretrial order thus called for, the following special provisions will apply:
(a) The statement of uncontroverted facts called for in Section 3 of the General Form of the Pretrial Order shall be in narrative form. Such facts shall be considered substantive evidence in the case and shall be marked as Exhibit 1. Except as set forth in Exhibit 1, no further evidence as to the agreed facts may be entered into the record at trial.

(b) In reference to Section 7 of the General Form of the Pretrial Order, regarding all witnesses that propose to be expert witnesses, the parties are directed to append to Exhibit 1 copies of the curriculum vitae of each such expert. Absent specific leave of Court, the expert may not present more than five minutes of professional qualification. It is anticipated that in most cases, the parties will stipulate to expertise, although in appropriate cases, voir dire or cross-examination of an expert's qualification may be permitted; said examination may go beyond the direct oral testimony as to qualification.

**3. Trial Briefs**

Each party should file a Trial Brief **no later than seven days before trial**. Such brief shall include a list of all witnesses to be called and a short statement as to the substance of that witness' anticipated testimony.

**4.   Motions in Limine**

All motions in limine are to be filed with the Court at **least seven days before trial**, unless otherwise ordered by the Court. Separate memoranda are not required for motions in limine. Responses are to be filed **at least five days before trial**, unless otherwise ordered by the Court. No replies are permitted. Motions in limine are limited to three pages in length.

**5.   Exhibit Lists/Marking Exhibits**

All parties are required to prepare an exhibit list for the Court's use at trial. The list contained in the pretrial order will not be sufficient; a separate list must be prepared. Plaintiff should list their exhibits by number; defendants should list their exhibits by letter. The required form for exhibit and witness lists is available on the United States District Court for the District of Utah website at https://www.utd.uscourts.gov/forms/all-forms. Questions regarding the preparation of such lists may be directed to Ryan Robertson, the courtroom deputy, at Ryan_Robertson@utd.uscourts.gov or 801-524-6617. All parties are required to pre-mark their exhibits to avoid taking up court time during trial for such purposes.

In addition, all parties are required to submit copies of their exhibits for the Court's use during trial, including one set of paper copies and one USB flash/thumb drive with electronic copies.

**A copy of each parties' exhibit and witness lists should be emailed to utdecf_Stewart@utd.uscourts.gov at least three days before trial.**

**6.   Witness Lists**

All parties are required to prepare **additional** witness lists for the Court's use at trial. The list contained in the pretrial order will not be sufficient. Do not combine the witness list with an exhibit list. The required form for exhibit and witness lists is available is available on the United States District Court for the District of Utah website at https://www.utd.uscourts.gov/forms/all-forms. Questions regarding the preparation of such lists may be directed to Ryan Robertson, the courtroom deputy, at Ryan_Robertson@utd.uscourts.gov or 801-524-6617.

**A copy of each parties' exhibit and witness lists should be emailed to utdecf_Stewart@utd.uscourts.gov at least three days before trial.**

**7.   Courtroom Technology**

If counsel wish to use the courtroom evidence system, they should contact the courtroom deputy at least seven days before trial, at (801) 524-6617, to schedule an appointment to become familiar with the technology to be used during trial. Trial counsel and support staff are expected to familiarize themselves with the system, and arrange any additional technological needs.

**8.   In Case of Settlement**

If the case is settled, counsel must advise a member of the Court's staff directly by means of a personal visit, a phone call, or by email. Leaving a voicemail is insufficient notice.

**9.   Courtroom Conduct**

The Court has established the following rules for the conduct of counsel at trial:

(a)   Please be on time for each court session. In most cases, trial will be conducted from 8:30 a.m. until 1:30 p.m., with two short (fifteen minute) breaks. Trial engagements take precedence over any other business. If you have matters in other courtrooms, arrange in advance to have them continued or have an associate handle them for you.

(b)   Stand as court is opened, recessed or adjourned.

(c)   Stand when addressing, or being addressed by, the Court.

(d)   In making objections and responding to objections to evidence, counsel should state the legal grounds for their objections with reference to the specific rule of evidence upon which they rely. For example, "Objection . . .

3

irrelevant and inadmissible under Rule 402." or "Objection . . . hearsay and inadmissible under Rule 802."

(e)     Counsel need not ask permission to approach a witness in order to **briefly** hand the witness a document or exhibit.

(f)     Address all remarks to the Court, not to opposing counsel, and do not make disparaging or acrimonious remarks toward opposing counsel or witnesses. Counsel shall instruct all persons at counsel table that gestures, facial expressions, audible comments, or any other manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

(g)     Refer to all persons, including witnesses, other counsel, and parties, by their surnames and <u>NOT</u> by their first or given names.

(h)     Only one attorney for each party shall examine, or cross-examine, each witness. The attorney stating objections during direct examination shall be the attorney recognized for cross examination.

(i)     When not taking testimony, counsel will remain seated at counsel table throughout the trial unless it is necessary to move to see a witness. Absent an emergency, do not leave the courtroom while court is in session. If you must leave the courtroom, you do not need to ask the Court's permission. Do not confer with or visit with anyone in the spectator section while court is in session. Messages may be delivered to counsel table provided they are delivered with no distraction or disruption in the proceedings.

DATED this _30th_ day of June, 2025.

BY THE COURT:

TED STEWART
United States District Judge

4