IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRICUT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENOUGH FOR EVERYONE, INC., a Nevada corporation, and DESIRÉE TANNER, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PAROL EVIDENCE<br><br>Case No. 2:21-cv-00601-TS-DAO<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

This matter is before the Court on Plaintiff's Motion in Limine to Exclude Parol Evidence.[1] For the reasons discussed below, the Court will deny the Motion.

Plaintiff seeks to exclude admission of parol evidence regarding the scope and meaning of the term "cartridges" as contained in the parties' 2007 Agreement. The parol evidence rule, under Utah law, "exclude[s] evidence of contemporaneous conversations, representations, or statements offered for the purpose of varying or adding to the terms of an *integrated* contract."[2] "The application of the parol evidence rule is . . . a two-step process: "First, the court must determine whether the agreement is integrated. If the court finds the agreement is integrated, then parol evidence may be admitted only if the court makes a subsequent determination that the language of the agreement is ambiguous."[3]

---

[1] Docket No. 317.

[2] *Tangren Fam. Tr. v. Tangren*, 2008 UT 20, ¶ 11, 182 P.3d 326 (internal quotation marks and citations omitted).

[3] *Id.* (internal quotation marks and citations omitted).

To determine whether an agreement is integrated "a court must determine whether the parties adopted the writing 'as the *final and complete* expression of their bargain.'"[4] Here, the 2007 Agreement contains a clause expressly stating that the Agreement "constitutes the entire understanding between the Parties concerning the subject matter hereof and supersedes any prior agreements or understandings whether written or oral regarding this subject matter."[5] Absent allegations that the contract is "a forgery, a joke, a sham, lacking consideration, or where a contract is voidable for fraud, duress, mistake, or illegality,"[6] the Court can conclude that such language demonstrates that the parties intended the 2007 Agreement to be a final and complete expression of their agreement and is therefore integrated.

Next, the Court considers whether there is any ambiguity regarding the terms at issue. "[C]ontractual ambiguity can occur in two different contexts: (1) facial ambiguity with regard to the language of the contract and (2) ambiguity with regard to the intent of the contracting parties," which involves consideration of parol evidence.[7] "[B]efore permitting recourse to parol evidence, a court must make a determination of facial ambiguity."[8]

The Utah Supreme Court has articulated a two-part test for assessing facial ambiguity:

> First . . . when determining whether a contract is ambiguous, any relevant evidence must be considered. Otherwise, the determination of ambiguity is inherently one-sided, namely, it is based solely on the extrinsic evidence of the judge's own linguistic education and experience. Second, after a judge considers relevant and credible evidence of contrary interpretations, the judge must ensure that the

---

[4] *Id.* ¶ 12 (quoting *Bullfrog Marina, Inc. v. Lentz*, 501 P.2d 266, 270 (1972)).

[5] Docket No. 317-1 ¶ 9.4.

[6] *Tangren*, 2008 UT 20, ¶ 15.

[7] *Daines v. Vincent*, 2008 UT 51, ¶ 25, 190 P.3d 1269.

[8] *Id.* (citation omitted).

interpretations contended for are reasonably supported by the language of the contract.[9]

This rule "allow[s] judges to consider the writing in light of the surrounding circumstances."[10] It is not intended to allow "surrounding circumstances to create ambiguity where the language of a contract would not otherwise permit."[11] "A finding of ambiguity after a review of relevant, extrinsic evidence is appropriate only when reasonably supported by the language of the contract."[12]

Plaintiff asserts that, when applying the ordinary and usual meaning of the word "cartridges," it unambiguously does not encompass downloads or subscriptions.[13] In support of its interpretation, Plaintiff cites to a lengthy number of sources providing definitions of the term. However, considering the above-described guidance provided by the Utah Supreme Court, this Court must consider extrinsic evidence relevant "the writing in light of the surrounding circumstances" in reaching an ambiguity determination. The Court cannot make such a determination at this time based on the evidence before the Court and a motion in limine is not the appropriate vehicle to do so. Accordingly, the Court will hear extrinsic evidence at trial relevant the circumstances surrounding the writing and reserve its ambiguity determination until after hearing such evidence.

---

[9] *Id.* ¶ 26 (internal quotation marks and citation omitted).

[10] *Id.* ¶ 28 (internal quotation marks and citation omitted).

[11] *Id.* ¶ 27.

[12] *Id.* (internal quotation marks and citation omitted).

[13] Docket No. 317, at 2.

It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude Parol Evidence (Docket No. 317) is DENIED.

DATED this 10th day of July, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge