IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRICUT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENOUGH FOR EVERYONE, INC., a Nevada corporation, and DESIRÉE TANNER, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTIONS IN LIMINE<br><br>Case No. 2:21-cv-00601-TS-DAO<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

This matter is before the Court on Defendants' Motion in Limine No. 1 to Exclude Evidence and Argument Supporting Unpleaded Conditions-Precedent Allegations,[1] and Motion in Limine No. 2 to Exclude Evidence and Argument Supporting Cricut's Unpleaded Damages Claims.[2]

   a. *Exclusion of Conditions-Precedent Allegations*

Defendants argue that Plaintiff should be prohibited from presenting any argument or evidence related to the third defense in Plaintiff's Answer[3] to Defendants' counterclaims, which asserts that Defendants' counterclaims "are barred . . . by Defendants' own conduct, material breaches of contract, and/or failure to satisfy express conditions precedent."[4] Defendants assert that Plaintiff's Answer fails to meet the standard under Rule 9(c) of the Federal Rules of Civil

---

[1] Docket No. 321.

[2] Docket No. 322.

[3] Docket No. 56.

[4] *Id.* at 9.

Procedure that, "when denying a condition precedent has occurred or been performed, a party must do so with particularity."

The Tenth Circuit has made clear that "the time for properly testing the sufficiency of the [pleadings]" has an expiration date.[5] Plaintiff filed its Answer on July 13, 2022. The parties have since engaged in extensive discovery and motion practice, including a motion to dismiss and a motion for summary judgment. Trial begins next week. The Court finds that the time to challenge the sufficiency of the Answer in this case, which was filed very nearly three years ago, has passed.

Additionally, as discussed in greater detail below, the pretrial order supersedes the pleadings and is the operative pleading for trial.[6] Therefore, focusing "on the failure of the complaint to plead [the issues] with particularity or to state a claim is . . . misguided."[7] Accordingly, the Court will deny Defendants' first Motion in Limine.

---

[5] *Paugh v. Uintah Cnty.*, 47 F.4th 1139, 1172 n.30 (10th Cir. 2022) (agreeing with the district court's holding that "the time for properly testing the sufficiency of the complaint [had] passed," where the answer had been filed over two years before the party argued the complaint was insufficient in a summary judgment motion); *SEC v. Wolfson*, 539 F.3d 1249, 1265 (10th Cir. 2008) (upholding the district judge's denial of the defendant's motion for judgment on the pleadings when the defendant "never raised any objections to the complaint or otherwise sought a more particular statement of the allegations against him until two years after the complaint was filed and months after the parties had moved for summary judgment").

[6] *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002).

[7] *Safety Techs., L.C. v. LG Techs., LTEE*, No. 98-2555-JWL, 2000 WL 1585631, at *4 (D. Kan. Oct. 11, 2000).
.

b. *Exclusion of Unpleaded Damages Claims*

Defendants next argue that the Court should exclude any evidence or argument supporting Plaintiff's claim for damages based on Plaintiff's purportedly erroneous payment to Defendants for royalties on non-contractual entitlements ("NCE"), contractual rebates, advertising, and/or unprofitable sales. Defendants assert that this theory of damages was not disclosed in Plaintiff's Amended Complaint. Instead, Defendants assert that they learned of the NCE damages theory for the first time in Plaintiff's second supplement to its initial disclosures, which was provided the day fact discovery closed, and learned of the contractual rebates, advertising, and/or unprofitable sales theory even later in an expert rebuttal report. Defendants further assert that these three theories of damages should be excluded because they were not disclosed in the final pretrial order jointly submitted by the parties.

Plaintiff responds that the Amended Complaint and the disclosures provided sufficient notice of their theory of damages. First, Plaintiff asserts that it is not required to "plead each category of damages with particularity" and the Amended Complaint provided sufficient notice by claiming: "In error, Plaintiff has, over the years, paid E for E more than actually owed under the 2007 Agreement."[8] Next, Plaintiff asserts that its NCE damages theory was timely disclosed prior to the close of fact discovery, and Defendants have had ample notice and time to request additional discovery.

Plaintiff further responds that it was not required to plead its damages theory relating to advertising costs, contractual rebates, or unprofitable sales because Plaintiff was not timely

---

[8] Docket No. 324, at 2.

3

aware that there was a dispute about these issues. Plaintiff does not assert that its theory of damages relating to advertising costs, contractual rebates, or unprofitable sales was included in the pretrial order and does not seek modification of the pretrial order.

Under Rule 16(d) of the Federal Rules of Civil Procedure, the pretrial order "controls the course of the action." "[T]he pretrial order is treated as superceding the pleadings and establishing the issues to be considered at trial."[9] Accordingly, "theories of damages not included in the pretrial order are waived even if they appeared in the complaint and, conversely, the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim."[10]

Regarding Plaintiff's NCE damages theory, the Court finds that the pretrial order, as the operative pleading, includes sufficient specificity and clarity to provide adequate notice of Plaintiff's NCE damages theory. Further, Defendants have been aware of Plaintiff's assertion of this theory since the close of discovery, which occurred over two years ago. This is therefore not an instance where a claim is "appearing for the first time in the pretrial order" and risks depriving Defendants of "fair notice, possibly discovery, and the opportunity for motion practice."[11] Based on this analysis, the Court will allow argument and evidence regarding Plaintiff's NCE damages theory.

Conversely, the pretrial order fails to specify, clarify, or even mention Plaintiff's theory of damages related to advertising costs, contractual rebates, or unprofitable sales. Plaintiff has

---

[9] *Wilson*, 303 F.3d at 1215 (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc.: Civil 2d* § 1522).

[10] *Id.*

[11] *Id.*

therefore waived these theories of damages and evidence or argument in support is inadmissible without an amendment to the pretrial order. "The order following a final pretrial conference shall be modified only to prevent manifest injustice."[12] In making a determination on manifest injustice, courts consider "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."[13] "[T]he burden of demonstrating manifest injustice falls upon the party moving for modification."[14]

Where, as here, "a party fails to formally move for modification, it neglects to focus the trial court's attention on the factors informing the amendment determination."[15] Without any argument or facts regarding these elements, Plaintiff cannot meet its burden of demonstrating manifest injustice and the Court will not allow modification of the pretrial order. Notably, such action has not been requested by either party. Because Plaintiff's theory of damages related to advertising costs, contractual rebates, or unprofitable sales is not included in the pretrial order, the Court will exclude any argument or evidence in support of such.

It is therefore

ORDERED that Defendants' Motion in Limine No. 1 (Docket No. 321) is DENIED. It is further

---

[12] Fed. R. Civ P. 16(e).

[13] *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

[14] *Id.*

[15] *Id.* at 1233.

ORDERED that Defendants' Motion in Limine No. 2 (Docket No. 322) is GRANTED in part and DENIED in part.

DATED this 10th day of July, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge