IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRICUT, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>ENOUGH FOR EVERYONE, INC., a Nevada corporation, and DESIREE TANNER, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR LITIGATION AND PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF EFE'S 181 SKUS<br><br>Case No. 2:21-cv-00601-TS-DAO<br><br>Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

This matter is before the Court on Plaintiff Cricut Inc.'s Motion in Limine to Exclude Evidence of Prior Litigation[1] and Motion in Limine to Exclude Evidence of EFE's 181 SKUs.[2] For the reasons discussed below, the Court will deny both Motions.

A.  Motion to Exclude Prior Litigation

In 2011, Defendants sued Cricut's predecessor, Provo Craft & Novelty, Inc. ("Provo Craft") in federal court in California.[3] In that case, a special master was appointed and thereafter issued a Report and Recommendation ("R&R") that, among other things, interpreted the 2007 Agreement's definition of net sales price (NSP).[4] The district court adopted and entered

---

[1] Docket No. 318.

[2] Docket No. 319.

[3] No. SACV11-01161 DOC(MLGx) (C.D. Cal.).

[4] Docket No. 183-3, at 11–12.

judgment based on the R&R.[5] Defendants assert that in that case, Enough for Everyone's ("EFE") expert's report included royalties for digital content.[6]

The present case was filed in October 2021. In December 2022, Defendants filed a Motion for Leave to Amend their Answer and Counterclaim.[7] Therein, Defendants sought to add res judicata as an affirmative defense asserting that the California litigation may have a preclusive effect on the Plaintiff's claims.[8] The Court denied the motion on the basis that Defendants failed to establish good cause to amend their Answer to include the defense because they were aware of the underlying conduct but failed to raise it prior to the scheduling deadline.[9] Thereafter both parties filed motions for summary judgment. In their motion, Defendants "invoke[d] res judicata in connection with its affirmative counterclaim, not as a defense."[10]

Plaintiff now moves to exclude evidence of the prior California litigation between Defendants and Cricut's predecessor, Provo Craft, on the basis that it is not relevant under Federal Rule of Evidence 402.[11]

Defendants assert that evidence of the prior litigation is relevant for largely two reasons. First, they argue that the prior litigation is relevant to their offensive collateral estoppel argument because the adopted R&R involves a definition of net sales price ("NSP"), and EFE's expert's

---

[5] *Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*, No. SACV 11-1161 DOC (MLGx), 2012 WL 12884680 (C.D. Cal. Oct. 16, 2012), *aff'd*, 547 F. App'x 533 (9th Cir. 2014).

[6] Docket No. 327, at 3.

[7] Docket No. 65.

[8] *Id.* at 10.

[9] Docket No. 90, at 6.

[10] Docket No. 182, at 28 n.4.

[11] Docket No. 318, at 2.

report is relevant to whether digital content is subject to royalties under the 2007 Agreement. Second, Defendants assert that the California litigation is relevant to their estoppel defense.

Turning to the first argument, Plaintiff argues that Defendants waived collateral estoppel when they did not assert it in their Answer and Counterclaim and they have waived it offensively because it was not timely raised. Under Federal Rule of Civil Procedure 8(c), a party must plead res judicata as an affirmative defense. Defendants contend that they are asserting collateral estoppel offensively, not as an affirmative defense, and therefore the argument is not barred.[12]

The Court must therefore determine whether Defendants have waived their collateral estoppel argument and if not, whether the California litigation is relevant.

"Collateral estoppel, or issue preclusion, is a judge-made rule that prevents relitigation of issues 'actually and necessarily determined' in a prior suit on a different claim, which involved a party to the subsequent litigation."[13] Here, Defendants assert that the R&R of the special master and expert report in the California litigation precludes Plaintiff from arguing its interpretation of NSP.

Plaintiff cites to *Harvey ex rel. Blankenbaker v. United Transport Union*, to support its argument that Defendants waived offensive issue preclusion. There, the Tenth Circuit determined that when the plaintiffs raised offensive issue preclusion one year and four months after trial, it was too late and the argument was waived.[14] In its ruling the Tenth Circuit stated that while Rule 8(c) did not apply to the offensive use of issue preclusion, the rationale behind the Rule's notice requirement "applies to offensive use as well—to provide 'the opposing party

---

[12] Docket No. 327, at 5.

[13] *Harvey ex rel. Blankenbaker v. United Transp. Union*, 878 F.2d 1235, 1243 (10th Cir. 1989) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)).

[14] *Id.*

3

notice of the plea of estoppel and a chance to argue, if he can, why the imposition of an estoppel would be inappropriate.'"[15]

Plaintiff asserts that it received notice on July 1, 2025 that Defendants would be arguing offensive collateral estoppel at trial.[16] After review of Defendants' Response and the history of this litigation, the Court does not agree. As discussed above, the Court finds that Defendants raised the issue of offensive res judicata in their motion for summary judgment and subsequent reply.[17] Furthermore, even if the Court declined to consider this prior argument, unlike in *Harvey*, Defendants raised their issue preclusion argument pre-trial. In *Harvey* the court concluded that raising the issue post-trial "does nothing to vindicate two primary policies behind the doctrine, conserving judicial resources and protecting parties from 'the expense and vexation' of relitigating issues that another party previously has litigated and lost."[18] By raising the argument pre-trial, these policies are not similarly frustrated.

Accordingly, the Court finds that Defendants did not waive their offensive issue preclusion argument. Defendants ask the Court to go further and give the California litigation preclusive effect as to digital content and the definition of NSP. The Court will not make such a ruling at this time, but as discussed below, will hear limited evidence in support of Defendants' argument during trial.

The Court then turns to whether the California litigation is relevant based on the above conclusion. Federal Rule of Evidence 402 provides that only relevant evidence is admissible.

---

[15] *Id.* (quoting *Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)).

[16] Docket No. 316, at 8.

[17] Docket No. 182, at 248 n.4; Docket No. 199, at 22.

[18] *Harvey*, 878 F.2d at 1243.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[19] Rule 403 excludes otherwise relevant evidence

> [i]f its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Plaintiff argues that the California litigation should be excluded as not relevant because the special master did not decide the remaining issues to be tried in the case: "whether, under the 2007 Agreement, Cricut owed EFE royalties before May 29, 2021 on digital downloads, subscriptions, non-contractual entitlements, or the new SKUs."[20] Again, Defendants assert that the California litigation is relevant to the definition of NSP and whether the 2007 Agreement included royalties for digital content.[21] Defendants also assert that the California litigation is relevant to its pleaded defense of estoppel: "the California court's judgment included damages for digital content; Cricut acknowledged that and promised that it would pay royalties on downloads and subscriptions, going forward; Defendants relied on that."[22] Based on the above discussion, the Court finds that the evidence is relevant to Defendants' offensive collateral estoppel argument in support of its remaining claims and Defendants' estoppel defense. The Court further finds that the probative value of the evidence is not substantially outweighed by danger of unfair prejudice.

The Court cautions the parties that it will not hear or receive evidence pertaining to the California litigation that is not relevant to these issues.

---

[19] Fed R. Evid. 401.

[20] Docket No. 318, at 5.

[21] Docket No. 327, at 2–3.

[22] *Id.* at 3.

Plaintiff also argues that the California litigation should be excluded as hearsay. The Court will deny this argument without prejudice. To the extent that hearsay is offered at trial, Plaintiff may object at that time to allow the Court to determine the admissibility of the statement. Plaintiff also argues that if Defendants seek to use the California litigation as impermissible character evidence it should be barred. To the extent this is a basis for the Motion, the Court will deny it at this time without prejudice. Plaintiff may raise the objection at trial if necessary.

B. Motion to Exclude Evidence of 181 SKUs

The Court will next address Plaintiff's Motion in Limine to Exclude Evidence of EFE's 181 SKU's. Plaintiff argues that under Federal Rule of Civil Procedure 37(c)(1) the Court should exclude evidence contained in Defendants' expert report that 181 Cricut products ("181 SKUs") were royalty bearing. Plaintiff asserts that this information was not timely disclosed under Federal Rule of Civil Procedure 26 and should therefore be excluded under Rule 37.[23]

The parties dispute when Defendants possessed the information about the SKUs.[24] However, the expert report that contains the identification of the 181 SKUs was provided to Plaintiff on June 16, 2023.[25]

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or harmless." The Court will assume for purposes of this Motion that the disclosure was untimely.

---

[23] Docket No. 319, at 2.

[24] *Id.* at 4 n.1; Docket No. 325, at 3.

[25] Docket No. 325, at 3.

To determine whether untimely disclosures are harmless, the Tenth Circuit has provided several factors:"(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing the testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[26]

As to the first factor, the Court finds that there is no prejudice or surprise to Plaintiff. Plaintiff learned about this more than two years ago at which point it could have filed a motion under Rule 37 or moved to re-open discovery based on the untimely disclosure. It did not do so and, accordingly, this factor weighs in favor of Defendants. Similarly, Plaintiff had the ability to cure any prejudice related to these disclosures for two years but chose not to do so. "Courts have recognized that the recipient of delayed disclosures is incurably prejudiced when the disclosures are made immediately before trial, thus preventing the recipient from engaging in additional discovery."[27] The disclosures at issue here were not made immediately before trial and therefore, this factor also weighs in favor of Defendants.

Turning to the third factor, the Court finds that it also weighs in favor of Defendants. Plaintiff had the ability to raise its objection for the past two years, it cannot now argue that introduction of this evidence and testimony will disrupt the trial by holding the objection until the eve of trial. Finally, the Court looks to whether the disclosing party acted in bad faith or willfully. There is no evidence to suggest bad faith or willfulness on the part of Defendants or Defendants' counsel in the late disclosure. This factor therefore also weighs in favor of Defendants.

---

[26] *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

[27] *Ngatuvai v. Lifetime Fitness, Inc.*, No. 2:16-cv-39-JNP-DBP, 2020 WL 13430478, at *3 (D. Utah May 26, 2020).

The Court finds that each of the *Woodworker* factors weigh in favor of Defendants and any untimely disclosure was harmless. Based on this finding, the Court will allow evidence of the 181 SKUs and deny the Motion.

It is therefore

ORDERED that Plaintiff's Motion in Limine to Exclude Evidence of Prior Litigation (Docket No. 318) is DENIED; it is further

ORDERED that Plaintiff's Motion in Limine to Exclude Evidence of EFE's 181 SKUs (Docket No. 319) is DENIED.

DATED this 10th day of July, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge