IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRICUT, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>ENOUGH FOR EVERYONE, INC., a Nevada corporation and DESIREE TANNER, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO ADMIT DEFENDANTS' EXHIBIT 581, HUGET'S LETTER<br><br>Case No. 2:21-cv-00601-TS-DAO<br><br>Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

This matter comes before the Court on Defendants' Motion to admit Defendants' Exhibit No. 581, a letter written by J. Michael Huget ("the Huget letter), made orally during trial. For the reasons discussed below, the Court will grant the Motion.

Under Federal Rule of Evidence 901(a), "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Numerous courts, including the Tenth Circuit, have held that documents produced in discovery by the opposing party and on the party's letterhead are authentic for purposes of Federal Rule of Evidence 901, and thereby admissible.[1] The Huget letter was produced by Plaintiff in discovery and is on the letterhead of the law firm for J. Michael Huget. In response to Defendants' requests for admissions, Plaintiff

---

[1] *L. Co. v. Mohawk Const. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009); *Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1101–02 (10th Cir. 2005) *overruled on other grounds*; *Denison v. Swaco Geolograph Co.*, 941 F.2d 1416, 1423 (10th Cir. 1991); *see also FTC v. Hughes*, 710 F. Supp. 1520, 1523 (N.D. Tex. 1989) (holding that documents provided during discovery on defendant's letterhead are authentic).

admitted that the Huget letter "appear[ed] to be a true, correct, and genuine copy," and that Michael Huget was, at the time the letter was sent, "an attorney that performed legal services for Provo Craft & Novelty." The Court finds this evidence is sufficient to authenticate the Huget letter under Rule 901. Witness testimony to lay foundation in further support of authentication is not necessary.[2] Accordingly, the Huget letter will be admitted into evidence.

DATED: July 15, 2025.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] *United States v. Draine*, 26 F.4th 1178, 1193 (10th Cir. 2022) ("'The rationale for the authentication requirement is that the evidence is viewed as irrelevant until the proponent of the evidence can show that the evidence is what its proponent claims.'") (quoting *United States v. Hernandez-Herrera*, 952 F.2d 342, 343 (10th Cir. 1991)).