IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRICUT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENOUGH FOR EVERYONE, INC., a Nevada corporation, and DESIRÉE TANNER, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND PRETRIAL ORDER<br><br>Case No. 2:21-cv-00601-TS-DAO<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

This matter is before the Court on Plaintiff's Motion to Amend Pretrial Order to Remove Contract Modification Theory.[1] For the reasons discussed herein, the Court will grant the Motion in part.

Plaintiff asserts that, while the Defendants have consistently asserted that Plaintiff's course of performance demonstrates the contractual intent of the 2007 Agreement, Defendants failed to plead any affirmative defense or theory suggesting that the 2007 Agreement had been modified until the first day of trial during their opening statement. Accordingly, Plaintiff argues that any argument and evidence in support of contract modification should not be admitted at trial and the pretrial order should be amended to exclude its reference to contract modification. The evidence Plaintiff seeks to exclude under this argument includes the January 13, 2015 letter written by J. Michael Huget ("the Huget letter").

---

[1] Docket No. 340.

Under Rule 16(d) of the Federal Rules of Civil Procedure, the pretrial order "controls the course of the action." "[T]he pretrial order is treated as superceding the pleadings and establishing the issues to be considered at trial."[2] Accordingly, "the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim."[3] However, the Court does not "normally expect to see claims or defenses not contained in the pleadings appearing for the first time in the pretrial order."[4] "Such a practice deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a sporting theory of justice."[5]

Rule 16(e) provides that a "court may modify [the pretrial order] only to prevent manifest injustice." In making a manifest injustice determination, courts consider "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."[6] "[T]he burden of demonstrating manifest injustice falls upon the party moving for modification."[7]

---

[2] *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Fed. Prac. & Proc.: Civil 2d* § 1522).

[3] *Id.*

[4] *Id.*

[5] *Id.* at 1215–16.

[6] *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

[7] *Id.*

The Court notes at the outset that contract modification is an affirmative defense,[8] and is therefore subject to Rule 8(c) pleading requirements.[9] Even if it were not considered an affirmative defense, Defendants' modification theory would be subject to Rule 8(b) pleading requirements.[10] And even if not required to be pleaded, Defendants were required to disclose their contract modification theory in response to Plaintiff's discovery requests.[11] Having concluded that Defendants' contract modification theory must have been pleaded or disclosed, the Court will now evaluate the relevant factors for pretrial order amendment.

In the pretrial order, Defendants identified as a "contested issue of law" that "the parties dispute whether there was a modification of the 2007 Agreement."[12] Plaintiff asserts that they became vaguely aware of Defendants contract modification theory when the pretrial order was submitted. However, it was "unaware of the scope or meaning of Defendants' modification theory"[13] until the first day of trial because, until opening arguments, "Defendants did not state that they believed the 2007 Agreement had been modified, nor did they identify any disputed issues of fact related to the modification theory, nor did they otherwise indicate that they believed the Huget

---

[8] 17B C.J.S. Contracts § 902 (2025) ("Since at any time before a breach, the parties to a written contract may dissolve, waive, discharge, or qualify the contract, or any part of it, by a new contract, such a new contract may be alleged in defense, provided it is specially pleaded.") (citations omitted).

[9] Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense.").

[10] Fed. R. Civ. P. 8(b) ("In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it . . . .").

[11] Fed. R. Civ. P. 37(c) ("If a party fails to provide information . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

[12] Docket No. 328, at 16.

[13] Docket No. 340, at 3.

Letter had modified the 2007 Agreement."[14] Plaintiff further asserts that theory was not disclosed in any deposition, fact discovery, or at any other time during the years this litigation has been ongoing. Plaintiff asserts that it is prejudiced because it "had no opportunity to conduct written discovery on this theory, or to depose witnesses regarding the purported modification. Cricut had no opportunity to develop its trial strategy regarding the theory, and no opportunity to identify and disclose relevant exhibits or witnesses."[15]

Defendants do not argue that they disclosed the modification theory to Plaintiff sooner than the weeks leading to trial. However, Defendants assert that, in addition to the single sentence included in the pretrial order, their modification theory was also disclosed in Defendants' response to one of Plaintiff's motions in limine, and in Defendants' trial brief. Notably, while these documents do suggest a theory of contract modification, like the pretrial order, they do not assert specific facts on which their theory relies.

Defendants' response does not contest that Plaintiff has suffered prejudice, but instead asserts that Plaintiff should have raised this issue before trial. While the Court agrees with Defendants that "it is incumbent upon opposing counsel to meticulously examine the [pretrial] order, taking exception, if necessary, to the additions, and recording their objection in the pretrial order,"[16] the Court does not believe that Plaintiff's failure to object to the vaguely disclosed contract modification theory two weeks ago excuses Defendants from failing to disclose a

---

[14] *Id.*

[15] *Id.* at 5.

[16] Docket No. 341, at 3 (citing *Wilson*, 303 F.3d at 1216).

defense theory until just before trial. This is especially true considering the years-long litigation effort leading to trial.

Under Utah law, "[a] valid modification of a contract or lease requires "a meeting of the minds of the parties, which must be spelled out, either expressly or impliedly, with sufficient definiteness."[17] The Court is not aware of, and Defendants have not asserted, any timely disclosed claims or defenses that would have prompted the parties to consider or investigate relevant elements of contract modification in connection with the Huget letter or otherwise. Considering this, along with the arguments of the parties, the Court finds that Plaintiff is significantly prejudiced by Defendants' late disclosure of its modification defense, and Plaintiff is unable to cure such prejudice considering the parties are now in the midst of trial. Because trial has already commenced, allowing this newly-developed theory would prove disruptive. Though there is no evidence of bad faith, this new addition smacks of the gamesmanship from both sides that has repeatedly plagued this case. For these reasons, the Court also finds that Defendants' failure to disclose their contract modification theory previously is not substantially justified or harmless.

Even had Plaintiffs brought this issue to the Court's attention several weeks ago, as Defendants assert they should have, the Court would have reached the same conclusion considering the parties were, at that time, actively preparing for trial. This conclusion is further supported by the Tenth Circuit's caution in *Wilson v. Muckala*, that parties should not be allowed

---

[17] *Richard Barton Enters., Inc. v. Tsern*, 928 P.2d 368, 373 (Utah 1996) (internal quotation marks and citation omitted).

to assert claims for the first time in a pretrial order where it "deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice."[18]

Based on the above analysis, the Court will amend the pretrial order to exclude argument regarding contract modification. However, the Court will not exclude the Huget letter on this basis because it is relevant to other matters that are properly before the Court.

It is therefore

ORDERED that Plaintiff's Motion to Amend Pretrial Order (Docket No. 340) is GRANTED in part and DENIED in part.

DATED this 15th day of July, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[18] *Wilson*, 303 F.3d at 1215.