IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRICUT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ENOUGH FOR EVERYONE, INC., a Nevada corporation, and DESIRÉE TANNER, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO OFFER REBUTTAL TESTIMONY<br><br>Case No. 2:21-cv-00601-TS-DAO<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

This matter is before the Court on Plaintiff's Motion for Leave to Offer Rebuttal Testimony Through Undisclosed Witness.[1] The Court orally denied the Motion during trial on July 18, 2025. The reasons for the denial are stated herein.

Generally, a previously undisclosed witness may be allowed to testify as a rebuttal witness where the testimony or evidence to be rebutted could not have reasonably been anticipated by the party seeking to offer the rebuttal.[2] Plaintiff argued that without timely identification of the SKUs on which Defendants based their underpayment assertions, Plaintiff could not have reasonably anticipated Ms. Tanner's testimony that she believes (1) "she is entitled to section 3.1 royalties for later iterations of tool kits, spatulas, scrapers, [and] weeders, based on her contributions" to earlier products; and (2) "she is entitled to section 3.3 royalties for

---

[1] Docket No. 355.

[2] *Comcoa, Inc. v. NEC Tel., Inc.*, 931 F.2d 655, 664 (10th Cir. 1991) ("Because plaintiffs were warned that rebuttal evidence would be restricted and because they reasonably could have anticipated defendants' evidence ... [i]t was within the district court's discretion to disallow plaintiffs' rebuttal evidence."); 75 Am. Jur. 2d Trial § 280 (2025).

'machine supplies' under the theory that those supplies and accessories fall under the definition of 'Cricut-branded electronic cutting machines.'"[3]

The Court is not convinced that Plaintiff could not have anticipated this testimony. As argued by Defendants, deposition of Defendants' expert likely would have provided insight regarding the products and product lines on which Defendants believe they are entitled to royalties. Additionally, the Court does not believe the testimony Plaintiff seeks to rebut to be material to the claims at issue.

It is therefore

ORDERED that Plaintiff's Motion for Leave to Offer Rebuttal Testimony (Docket No. 355) is DENIED.

DATED this 29th day of July, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[3] Docket No. 355, at 2.